529 P.2d 300

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Charles Marlin BOWERS, Jr., Thomas Garland Barnett, Karen Christine Harbaugh, Jennifer Jane Flurie, Defendants-Appellants.**

**No. 1490.**

Court of Appeals of New Mexico.

Nov. 20, 1974.

Thomas A. Sandenaw, Jr., Shipley, Durrett, Conway & Sandenaw, Alamogordo, for defendants-appellants Bowers and Harbaugh.

John S. Spence, Paul B. Rasor, Spence & Rasor, Alamogordo, for defendants-appellants Barnett and Flurie.

David L. Norvell, Atty. Gen., Louis Druxman, Jane E. Pendleton, Asst. Attys. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

LOPEZ, Judge.

Defendants were tried and convicted of possession of marijuana with intent to distribute [§ 54–11–22, N.M.S.A.1953 (Repl. Vol. 8, pt. 2, Supp.1973)] and possession of cocaine [§ 54–11–23, N.M.S.A.1953 (Repl. Vol. 8, pt. 2, Supp.1973)]. After judgment and sentence defendants appeal; we affirm as to the marijuana and reverse as to the cocaine.

*The Marijuana Convictions*

Defendants argue a lack of probable cause to support the issuance of the search warrants pursuant to which the marijuana was seized; they further object to the fact that warrants were issued for several vehicles, while probable cause was not shown for a belief that marijuana would be found in each and every vehicle; and they contend that the warrants are invalid because they are based in part on hearsay. They also argue that the admission into evidence of all the alleged marijuana seized was improper on the grounds that only part of the material found was actually tested.

Four search warrants were issued by the magistrate: one to the dwelling house of the defendants; two to the cars owned by two of the defendants; and a fourth to a car leased by one of the defendants which was parked in the driveway of the defendants' residence.

Affidavits presented to the magistrate indicated that the affiants personally inspected two cars rented previously by the defendants and found significant traces of marijuana. These affidavits further noted that the defendants lived together, spent large amounts of cash for purchases, had no visible means of support, rented numerous automobiles for trips to El Paso and

Las Cruces, and flew on airplanes to El Paso and Denver during the period of surveillance. Based on all this information the magistrate could assure himself that the affidavits were not based on rumors circulating in the underworld or merely on the defendants' reputation. Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).

There was sufficient information before the magistrate for him to be satisfied that the statements were reliable and that the circumstances by which the affiants came by their information demonstrated probability. United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971); Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); State v. Ferrari, 80 N.M. 714, 460 P.2d 244 (1969); State v. Perea, 85 N.M. 505, 513 P.2d 1287 (Ct.App.1973); § 41–23–17(f), N.M.S.A. 1953 (2d Repl.Vol. 6, Supp.1973).

■ We believe that the following should be the standards for the sufficiency of search warrants: (1) only a probability of criminal conduct need be shown; (2) there need be less vigorous proof than the rules of evidence require to determine guilt of an offense; (3) common sense should control; (4) great deference should be shown by courts to a magistrate's determination of probable cause. United States v. Koonce, 485 F.2d 374 (8th Cir. 1973).

Under these standards, we find that the trial court committed no error in denying the defendants' motion to suppress and in allowing the introduction of the seized evidence at trial.

■ The defendants next claim that since only 11.2 pounds of marijuana was actually tested, only this amount, not the 246.15 pounds of material seized, should have been admitted into evidence to support the conviction for possession with intent to distribute. Again, we disagree.

■ The record reflects possession by the defendants of all the material seized. All of the alleged marijuana was in the form of bricks having the same size, color and appearance as those tested. Although only a portion of the material was actually analyzed and tested, the fact finder could infer from the evidence that the remaining substance was the same as the tested portion. State v. Vigil, 86 N.M. 388, 524 P.2d 1004 (Ct.App.1974); State v. Mosier, 83 N.M. 213, 490 P.2d 471 (Ct.App.1971). Whether the untested portion of material was marijuana was a question of fact for the fact finder.

The defendants argue that there is no evidence that they sold or tried to sell any marijuana in the State of New Mexico. They further state that their activities during the surveillance period were insufficient, as a matter of law, to support a conviction for possession with intent to distribute.

■ While there is no evidence of a sale or an attempted sale of marijuana, the possession of 246.15 pounds of the substance, together with the defendants' activities, does allow the court to infer that the defendants had the necessary intent to distribute. United States v. King, 485 F.2d 353 (10th Cir. 1973); United States v. Johnson, 469 F.2d 973 (5th Cir. 1972); United States v. Moore, 452 F.2d 569 (6th Cir. 1971).

■ It is also contended that there is insufficient evidence to show that defendants planned to distribute the marijuana within New Mexico. Section 54–11–22, supra, prohibits possession with intent to distribute. The crime is complete if there is possession with the requisite intent. The State was not required to prove the place of the intended distribution.

We conclude that the convictions for possession with intent to distribute marijuana should be affirmed.

*The Cocaine Convictions*

Cocaine was seized at the time of the search pursuant to the above warrants. It was in a plastic vial inside a decorative box on a coffee table in the main room of the defendants' house. The trial court found that the cocaine was in the common control of all the defendants, and that it was constructively possessed by each of them. We believe the court erred on this point.

There is no evidence on the record that the defendants had direct or constructive possession of the cocaine. "For possession, the State must prove physical or constructive possession of the object, with knowledge of the object's presence and narcotic character. . . ." State v. Maes, 81 N.M. 550, 469 P.2d 529 (Ct.App. 1970). There is no evidence of actual physical possession by any of the defendants. The State contends that since the defendants were in common control of the house, it may be inferred that they constructively possessed the cocaine. Constructive possession exists when the accused has "knowledge of the presence of the narcotic and control over it." State v. Montoya, 85 N.M. 126, 509 P.2d 893 (Ct. App.1973). Where a person is not in exclusive possession of the premises, it cannot be inferred that the person knew that narcotics were present and had control over the narcotics unless there are other incriminating statements or circumstances tending to buttress such an inference. State v. Baca, 86 N.M. 12, 528 P.2d 656 (Ct.App.) decided August 28, 1974. Compare State v. Bauske, 86 N.M. 484, 525 P. 2d 411 (Ct.App.1974) where there was circumstantial evidence of defendant's knowledge and right to control.

The only evidence in this case concerning cocaine is that some was found. There is no testimony that any of the defendants knew of the contents of the vial or of its character. There is no evidence that any of the defendants had the power to produce or dispose of the narcotic in question; nor is there evidence that the defendants had any common purpose in the cocaine which was found. Therefore, we hold that the trial court erred in finding that there was sufficient evidence to convict the defendants for possession of cocaine. Radke v. State, 52 Ala.App. 397, 293 So.2d 312 (1974); Smith v. State, 276 So.2d 91 (Fla.App.1973); State v. Reeves, 209 N. W.2d 18 (Iowa 1973); Brown v. State, 481 P.2d 475 (Okl.Cr.1971); Commonwealth v. Tirpak, 441 Pa. 534, 272 A.2d 476 (1971); Compare People v. Vigil, 175 Colo. 421,

489 P.2d 593 (1971); State v. Woods, 5 Wash.App. 399, 487 P.2d 624 (1971).

Accordingly, the convictions of all the defendants for possession of marijuana with intent to distribute are affirmed, and the convictions for possession of cocaine are reversed. The trial court is directed to dismiss the charges of cocaine against all the defendants.

It is so ordered.

SUTIN, J., concurs.

WOOD, C. J., concurs in result only.