1997–NMCA–017

934 P.2d 289

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**George Howard ANDREWS,
Defendant–Appellant.**

No. 16528.

Court of Appeals of New Mexico.

Jan. 14, 1997.

Certiorari Denied Feb. 20, 1997.

Tom Udall, Attorney General, Bill Primm, Assistant Attorney General, Santa Fe, for Plaintiff–Appellee.

T. Glenn Ellington, Chief Public Defender, Susan Roth, Assistant Appellate Defender, Santa Fe, for Defendant–Appellant.

## OPINION

BOSSON, Judge.

1. Defendant George Andrews appeals his conviction for concealing identity, contrary to NMSA 1978, Section 30–22–3 (Repl. Pamp.1994). He raises two issues on appeal. The first challenges the sufficiency of evidence to support the conviction and the trial court's interpretation of the statutory term "identity." The second argues that the statute is unconstitutionally vague as applied to the facts in this case. This appeal presents us with an opportunity to address a reservation expressed in *Nagol v. State*, 923 F.Supp. 190, 196 n. 3 (D.N.M.1996), concerning the constitutionality of Section 30–22–3. We affirm the trial court in both respects.

## BACKGROUND

2. On July 4, 1994, after a brief pursuit, New Mexico State Police officers stopped Defendant for driving 66 miles per hour (mph) in a 35–mph zone. Upon a request by the officers, Defendant gave his full name, but did not produce a driver's license. The officers asked Defendant for his address, date of birth, and social security number which Defendant failed to disclose. At trial, there was a dispute over whether the officers allowed Defendant a reasonable opportunity to provide the requested information. One officer testified that, in his opinion, Defendant had "simply refused" to provide the

information and was being uncooperative. It did not appear to the officer that Defendant was nervous or could not remember. The officers testified that they were trying to get enough identifying information to check Defendant's driver's license and to confirm that Defendant was who he said he was. According to one officer's testimony, Defendant did not offer any explanation for why he was unable to supply the additional information. It was later determined that Defendant had been driving with a revoked license. Defendant contends that he was nervous and was trying to remember a new address when the officer ended the discussion and proceeded to field sobriety tests. Defendant acknowledged that he was aware he got off on the "wrong foot" with the officers and that they thought he was trying to conceal information. Later, Defendant refused to take a breath test.

3. Defendant was eventually charged with aggravated driving while intoxicated, reckless driving, and concealing identity under Section 30–22–3. He was found guilty on all charges. Additionally, Defendant pleaded guilty to driving with a revoked license and having no proof of financial responsibility. Defendant appeals only his conviction for concealing identity.

*THE MEANING OF THE STATUTE AND SUFFICIENCY OF THE EVIDENCE*

4. The concealing identity statute, Section 30–22–3, provides:

> Concealing identity consists of concealing one's true name or identity, or disguising oneself with intent to obstruct the due execution of the law or with intent to intimidate, hinder or interrupt any public officer or any other person in a legal performance of his duty or the exercise of his rights under the laws of the United States or of this state.

> Whoever commits concealing identity is guilty of a petty misdemeanor.

The statute makes it an offense to conceal one's name *or* identity. Defendant argues that name is synonymous with identity and because he gave his true name, he satisfied the statute. We disagree.

5. Identity is not limited to name alone. The use of the disjunctive word "or" indicates that failing to give either name or identity may violate the statute. *See State v. Dunsmore,* 119 N.M. 431, 433, 891 P.2d 572, 574 (Ct.App.1995) (construction of a statute using disjunctive "or"). There would be no reason for the legislature to include the word "identity" if it carried the same meaning as "name." A statute should be construed so that no part of it is rendered surplusage or superfluous. *Id.* A statute is read literally if its words are plain and unambiguous, provided such a construction would not lead to an injustice, absurdity, or contradiction. *Atencio v. Board of Educ. of Penasco Indep. Sch. Dist. No. 4,* 99 N.M. 168, 171, 655 P.2d 1012, 1015 (1982). Penal statutes are not subjected to strained or unnatural constructions in order to infer exemptions from their provisions. *State v. Reaves,* 99 N.M. 73, 75, 653 P.2d 904, 906 (Ct.App.1982). Legislative intent is determined primarily from the language of the statute, *Arnold v. State,* 94 N.M. 381, 383, 610 P.2d 1210, 1212 (1980), and from the legislative purpose to be achieved, *State ex rel. Helman v. Gallegos,* 117 N.M. 346, 353, 871 P.2d 1352, 1359 (1994). Given the language of the statute, we hold that Defendant was prohibited from concealing information pertaining to his "identity," which in this case necessarily includes more than just a correct name.

6. We can discern from the statute a legislative purpose to provide police officers the minimal, essential information regarding identity so that they can perform their duties (not be "hindered" in the "legal performance of his duty"). The legislature has already required every New Mexico driver to carry a driver's license and exhibit it on demand. *See* NMSA 1978, § 66–5–16 (Repl. Pamp.1994). The license must contain name, date of birth, and New Mexico residence address. *See* NMSA 1978, § 66–5–15 (Repl. Pamp.1994). The license application requires an applicant's social security number. *See* NMSA 1978, § 66–5–9(B) (Cum.Supp.1996). Our Supreme Court has noted that a driver's license is a public document "created for the purpose of proving that an individual is qualified to drive." *State v. Reynolds,* 119 N.M. 383, 386, 890 P.2d 1315, 1318 (1995). There-

fore, in an otherwise valid traffic stop, drivers have no reasonable expectation of privacy in their driver's licenses, or in the information contained therein, when lawfully requested by a police officer. *Id.*

■ 7. In this case, the officers requested three items of identifying information—address, date of birth, and social security number. According to the testimony, this information is necessary for officers to verify a driver's license and otherwise perform their lawful duties. Defendant gave the officers none of this information. Without specifying what identifying information might be appropriate in all situations, we hold that in the context of a valid traffic stop, a failure to provide the information contained in a driver's license falls within the reach of the concealing identity statute regardless of whether a driver also provides his or her true name.

8. In light of this construction regarding what is needed to establish identity, we now determine whether substantial evidence of either a direct or circumstantial nature exists to support Defendant's conviction. *See State v. Clifford,* 117 N.M. 508, 512, 873 P.2d 254, 258 (1994). Substantial evidence is that evidence which is acceptable to a reasonable mind as adequate support for a conclusion. *Id.* An appellate court views the evidence in the light most favorable to supporting the verdict and resolves all conflicts and indulges all permissible inferences in favor of upholding the verdict. *Id.* We neither reweigh the evidence nor substitute our judgment for that of the jury. *Id.*

■ 9. In this case, a jury could reasonably infer that Defendant intended to hinder the officers in the discharge of their duties. There was testimony that Defendant refused to supply additional information without a plausible explanation. The jury could reasonably infer that Defendant was being uncooperative in the hope that the officers would not discover he was driving with a revoked license. Defendant admitted being aware that the officers thought he was intentionally concealing his identity, and yet nothing prompted Defendant to offer a reasonable explanation for not answering some of the questions regarding identity. Consequently, we hold that substantial evidence

showing that Defendant refused to identify himself with the intent of hindering the officers in the execution of their duties supports this verdict.

## VAGUENESS

10. Defendant urges this Court to find that the concealing information statute violates due process because the term "identity" is unconstitutionally vague. He argues that it does not alert persons with sufficient certainty of what is required to comply with the law. *See State v. James M.,* 111 N.M. 473, 477–78, 806 P.2d 1063, 1067–68 (Ct.App.1990) (to satisfy the constitutional requirements of due process, a statute must provide adequate warning to a person of ordinary intelligence that his conduct is prohibited). Defendant carries the burden of demonstrating the statute's invalidity. *See State v. Ramos,* 116 N.M. 123, 127, 860 P.2d 765, 769 (Ct.App. 1993). In reviewing a vagueness challenge, the court applies the two-part test enunciated in *State v. Brecheisen,* 101 N.M. 38, 42, 677 P.2d 1074, 1078 (Ct.App.1984) (relying on *Kolender v. Lawson,* 461 U.S. 352, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983)). We inquire first whether the concealing identity statute is sufficiently definite so that ordinary drivers would understand that they had to provide more than a name, and second, whether the authority to request more than a name, in the context of a motor vehicle stop, encourages arbitrary and discriminatory law enforcement. *Id.*

■ 11. In deciding these two questions, we observe that a statute is not void for vagueness if a reasonable and practical construction can be given to its language. *See State v. Segotta,* 100 N.M. 498, 500, 672 P.2d 1129, 1131 (1983). The reviewing court must uphold the statute unless satisfied beyond a reasonable doubt that the legislature went outside the constitution in enacting the statute. *State v. Ball,* 104 N.M. 176, 178, 718 P.2d 686, 688 (1986); *Brecheisen,* 101 N.M. at 42, 677 P.2d at 1078. The legislature is not required to write statutes for the understanding of persons who cannot or will not apply ordinary meanings to plain words; the person of "common intelligence" is the stan-

dard against which we measure the statute's meaning. *State v. Rogers,* 94 N.M. 527, 529, 612 P.2d 1338, 1340 (Ct.App.1980). If the language makes the statute understandable and sensible, that is all that is necessary to uphold it as valid. *Id.* In addition, we consider the statute as applied to Defendant's situation—a valid traffic stop and a driver who refused to supply any identifying information in addition to his name. We do not pass on the constitutionality of this statute as it might apply to other situations. *See State v. Pierce,* 110 N.M. 76, 81, 792 P.2d 408, 413 (1990) (vagueness challenges on grounds other than the First Amendment must be examined in light of the case at hand).

 12. The two-part vagueness test is satisfied in this case. First, the concealing identity statute is sufficiently definite, in the context of a motor vehicle stop, to notify Defendant he must provide more than just his name. Every New Mexico driver must do so in the context of a valid stop. *See Reynolds,* 119 N.M. at 386, 890 P.2d at 1318. The record demonstrates that the officers requested only information that ordinarily must be provided on a driver's license. We fail to see how any New Mexico driver cannot be on notice of an obligation to provide this kind of basic information during a valid traffic stop. In addition, the statute requires specific intent, "to intimidate, hinder or interrupt any public officer or any other person in a legal performance of his duty." Section 30–22–3. The jury was instructed on intent, without objection, and was required to find Defendant had this specific intent. The evidence supports that finding. The requirement of specific intent is still another protection against the state punishing acts without fair warning. *See State v. Gattis,* 105 N.M. 194, 200, 730 P.2d 497, 503 (Ct.App.1986).

 13. Second, the request for identification does not encourage arbitrary or discriminatory law enforcement. The officer's inquiry is limited, as it was here, to what is necessary to perform a lawful duty, which in this case was to check on the validity of the driver's license. The statute does not permit open-ended inquiry nor inquiry without standards. *Cf. Kolender,* 461 U.S. at 361, 103 S.Ct. at 1860 (finding unconstitutional a stat-

ute interpreted to require a person to provide "credible" and "reliable" identification to the satisfaction of the police officer). If there is any potential for arbitrary and discriminatory application of this statute by police in a similar factual context, it has not been persuasively argued, and we do not find it present.

*CONCLUSION*

14. For the reasons previously stated, Defendant's conviction for concealing identity is affirmed.

15. IT IS SO ORDERED.

WECHSLER and BUSTAMANTE, JJ., concur.