1999-NMCA-127

990 P.2d 206

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Concepcion GUILEZ, Jr., Defendant–
Appellant.**

**No. 19,664.**

Court of Appeals of New Mexico.

June 29, 1999.

Certiorari Granted, Sept. 24, 1999.

Patricia A. Madrid, Attorney General, Margaret McLean, Ass't Attorney General, Santa Fe, for Appellee.

Roger Michener, Michener Law Firm, LLC, Placitas, for Appellant.

## OPINION

DONNELLY, J.

{1} In this case we examine the issue of whether an intoxicated person who drives a vehicle containing a friend and her two minor children may properly be charged with and convicted of both child abuse and the offense of reckless driving. Defendant seeks to overturn his convictions, arguing that the trial court erred in (1) denying his motion to

dismiss the conviction for child abuse because the charge of reckless driving is the more specific offense, (2) permitting a witness to testify as an expert witness, and (3) denying his motion for a directed verdict. For the reasons discussed herein, we affirm in part and reverse in part.

*FACTS AND PROCEDURAL POSTURE*

{2} At approximately 10:00 p.m. on April 19, 1997, well after sunset, New Mexico State Police Officer Richard D. Newman observed a truck being driven westerly on Highway 70 toward Tularosa, New Mexico. The officer testified that the truck had no headlights on and appeared to be traveling at the posted speed limit or faster. The officer gave chase and stated that in trying to catch the truck, he had to drive between eighty and ninety miles per hour. After following the vehicle for some distance, Officer Newman stated that he saw the truck turn off of Highway 70 onto Old Mescalero Road. He further testified that when the truck turned onto Old Mescalero Road, it did not appear to significantly reduce its speed, and he saw it strike a fence before coming to a stop.

{3} The officer turned on his spotlight, activated his emergency lights, and ordered Defendant, who had been driving, out of the truck. When Defendant exited the vehicle, the officer noticed that Defendant's clothes were wet, that he smelled of alcohol, and that his eyes were bloodshot. The officer determined that Defendant's girlfriend and her two children, ages three and six, had accompanied Defendant and were passengers in the truck. Defendant is the father of the youngest child.

{4} When the officer questioned Defendant concerning why he was driving without the headlights on, he responded that he knew the truck's lights were not working but that he had decided to drive home anyway. Defendant stated that he had only had one beer.

The officer then administered three field sobriety tests to Defendant, which the officer stated Defendant failed. The officer also testified that Defendant had a .10 breath-alcohol test reading, had slurred speech, and exhibited noticeable problems maintaining his balance. Officer Newman testified that when he approached the truck, the only child buckled in a seatbelt was Amanda, age six. Based on this evidence, Defendant was charged with DWI, contrary to NMSA 1978, § 66–8–102 (1993); knowingly permitting the children to be placed in a situation that may endanger the children's lives or health, contrary to NMSA 1978, § 30–6–1(C)(1) (1989); and reckless driving, contrary to NMSA 1978, § 66–8–113 (1987).

{5} Defendant pled guilty to the offense of DWI, but contested the charges of child abuse and reckless driving. Following a jury trial, Defendant was convicted of both child abuse and reckless driving. He has not challenged the validity of his conviction of DWI.

*DISCUSSION*

{6} Defendant asserts that the trial court erred in requiring him to defend against the charge of child abuse as set forth in Section 30–6–1(C)(1) because under the general/specific rule, the offense of reckless driving, with which he was also charged, constitutes the more specific offense applicable to situations where the alleged act of endangerment to others involves the use of a motor vehicle. Responding to this argument, the State contends that the general/specific rule relied upon by Defendant is inapplicable under the circumstances existing here because Section 30–6–1(C)[1] does not include the same elements as Section 66–8–113(A).[2]

{7} Interpretation of a statute is a question of law which a reviewing court determines de novo. *See State v. Cleve,* 1999–NMSC–017, ¶ 7, 127 N.M. 240, 980 P.2d 23; *State v. Arellano,* 1997–NMCA–074, ¶ 3,

---

1. Section 30–6–1(C) provides in applicable part:
   C. Abuse of a child consists of a person knowingly, intentionally or negligently, and without justifiable cause, causing or permitting a child to be:
   (1) placed in a situation that may endanger the child's life or health . . . .

2. Section 66–8–113(A) provides:

A. Any person who drives any vehicle carelessly and heedlessly in willful or wanton disregard of the rights or safety of others and without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property is guilty of reckless driving.

123 N.M. 589, 943 P.2d 1042. The ultimate objective in interpreting the language of a statute is to discern and give effect to the intent of the Legislature. *See Arellano*, 1997–NMCA–074, ¶ 3, 123 N.M. 589, 943 P.2d 1042. In ascertaining legislative intent, the court endeavors to determine the policy behind the statute and looks to the words, context, subject matter, effects, and consequences of the statute. *See State v. Andrews*, 1997–NMCA–017, ¶ 5, 123 N.M. 95 934 P.2d 289; *Luchanski v. Congrove*, 193 Ariz. 176, 971 P.2d 636, 638 (Ct.App.1998).

{8} Under the general/specific rule, when there is a conflict between a statute dealing generally with a subject and another statute dealing specifically with a special case of that same subject, the specific statute controls unless it appears that the Legislature intended to make the general act control. *See State v. Trujillo*, 1999–NMCA–003, ¶¶ 8–9, 126 N.M. 603, 973 P.2d 855. Under some circumstances, the general/specific rule has been found not to apply if the statutes involved embrace one or more elements not contained in the other. *See Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *Arellano*, 1997–NMCA–074, ¶ 8, 123 N.M. 589, 943 P.2d 1042. The rule, however, has been found to apply where the language of the two statutes condemn the same offense and require the same proof. *See State v. Ibn Omar–Muhammad*, 102 N.M. 274, 277, 694 P.2d 922, 925 (1985); *State v. Hernandez*, 116 N.M. 562, 564, 865 P.2d 1206, 1208 (Ct.App.1993); *State v. Higgins*, 107 N.M. 617, 620, 762 P.2d 904, 907 (Ct.App.1988).

{9} A comparison of both the child abuse and the reckless driving statutes indicates that unlike reckless driving, the offense of child abuse applies only to children under the age of eighteen. *See* § 30–6–1(A)(1); UJI 14–604 NMRA 1999. Additionally, the offense of reckless driving necessitates proof, among other things, that Defendant operated a motor vehicle carelessly and heedlessly and that Defendant acted "in willful or wanton disregard of the rights or safety of others." Section 66–8–113(A); UJI 14–4504 NMRA 1999. Violation of the reckless driving statute constitutes a petty misdemeanor. In contrast, the penalty for child abuse for a first offense is declared a third-degree felony, and conviction of a second or subsequent offense not resulting in death or great bodily harm to a child constitutes a second-degree felony. Section 30–6–1(C).

{10} In *Cleve*, 1999–NMSC–017, ¶ 27, 127 N.M. 240, 980 P.2d 23, our Supreme Court recently clarified the applicable test for ascertaining whether two different statutes come within the purview of the general/specific rule. The Court noted that merely comparing the statutory elements of two overlapping laws which address the same subject matter is an incomplete gauge for determining the applicability of the general/specific statute rule. The Court in *Cleve* observed:

> Although [in *Ibn Omar–Muhammad*, 102 N.M. at 277–78, 694 P.2d at 925–26,] we focused our inquiry on the elements of the two relevant crimes, we now clarify that we did not intend to suggest that the elements of the crimes serve as the only relevant factor under the general/specific statute rule.... Thus, an inquiry under the general/specific statute rule should always focus primarily on whether the Legislature intended that the specific law operate as an exception to the general law and whether the Legislature intended that certain criminal conduct be charged under one special law to the exclusion of other more general laws. This inquiry may include the elements of the crimes, the language of the statutes, the histories and purposes of the statutes, and other relevant indicia of legislative intent.

*Id.* (citations omitted).

{11} Thus, if the court determines that two statutory offenses are found to contain overlapping elements, it must then ascertain whether the Legislature intended to limit prosecutorial discretion in the selection of charges and whether the Legislature has authorized multiple punishments. *See id.* ¶ 26.

{12} Applying the above rules to the statutes before us, we conclude that the Legislature intended that the reckless driving statute, Section 66–8–113(A), to be the applicable statute governing child abuse not

resulting in great bodily harm or death, where the alleged offense involves the operation of a motor vehicle. Our Supreme Court in *Cleve* stated that where there are two statutes proscribing the same conduct and one involves the operation of a motor vehicle addressed by the Motor Vehicle Code, the Legislature's enactment of a comprehensive Motor Vehicle Code indicates " 'a legislative intent to preempt the field.' " *Id.* ¶ 27 (quoting *State v. Yarborough*, 1996–NMSC–068, ¶ 27, 122 N.M. 596, 930 P.2d 131); *cf. Arellano*, 1997–NMCA–074, ¶¶ 10–13, 123 N.M. 589, 943 P.2d 1042 (holding in case not involving operation of motor vehicle that criminal damage to property statute also applies to damage to motor vehicles). Moreover, where two statutory provisions criminalize the same conduct, a defendant may not be punished under both statutes absent a clear indication of legislative intent to authorize multiple punishment. *See State v. Landgraf*, 1996–NMCA–024, ¶ 32, 121 N.M. 445, 913 P.2d 252. Thus, under the rationale articulated by our Supreme Court, we conclude that the controlling statute, under the circumstances shown here, was Section 66–8–113(A), not Section 30–6–1(C).

{13} Because we conclude that the specific statute involving child abuse applicable in the present case was Section 66–8–113(A), we need not address Defendant's other arguments concerning merger of the offenses involved in the present appeal.

*TESTIMONY OF ALLEGED IMPAIRMENT*

{14} During the State's case-in-chief, the prosecutor called Nancy Drez as a witness. Drez was employed by the New Mexico Department of Health in the Alcohol Section of the Scientific Laboratory Division. The Alcohol Section establishes quality control measures for blood and breath testing and establishes the criteria and testing methodology for the operation of breath-alcohol testing machines. *See* NMSA 1978, § 24–1–22 (1981). The prosecution established that Drez had previously testified in other cases regarding the operation and functioning of blood- and breath-alcohol machines. She testified that she had a bachelor of science degree in chemistry and had worked at the state laboratory for eight years. She also testified that she completed a forty-hour course that dealt in part with the physiological effect of alcohol on individuals and observed controlled experimentation on how intoxication impairs a person's driving ability.

{15} Defendant's counsel challenged Drez' qualifications to testify as an expert witness on the question of Defendant's impairment. On voir dire, defense counsel elicited Drez' admission that she did not have a degree in physiology, neurophysiology, or a similar degree; however, Drez testified that she had received training and was familiar with the effect of alcohol on individuals who have ingested alcohol. Thereafter, the trial court recognized Drez as an expert witness. After a bench conference, the trial court advised the jury that the parties had stipulated that State's Exhibit No. 1 (the printed result of breath tests performed upon Defendant on the night in question) could be admitted into evidence. The trial court also told the jury that the stipulation indicated that the printout met the standards of the Department of Health.

{16} Drez then testified that at the time of Defendant's arrest the results of a breathalyzer test showed that Defendant had a blood-alcohol level of .10. She stated that some individuals could be impaired with a lesser reading, but that most studies indicate that a reading of .08 is deemed a significant impairment affecting most individuals' ability to operate a motor vehicle. On cross-examination, Drez conceded that individuals react differently to the ingestion of alcohol. Drez also testified that in her opinion if an average male drank two, twelve-ounce beers, that amount would not cause the individual to have a blood-alcohol level of .10.

{17} Defendant argues on appeal that the trial court erred in permitting Drez to testify concerning the extent of Defendant's impairment and that Drez was not qualified to testify as an expert witness in that area of scientific knowledge.

{18} An appellate court reviews a trial court's decision to admit evidence under an abuse-of-discretion standard. *See State v. Sarracino*, 1998–NMSC–022, ¶ 20, 125 N.M.

511, 964 P.2d 72. Abuse of discretion occurs when the trial court's ruling is against logic and not supported by reason. *See id.* We see no error in the admission of this evidence. It was the function of the trial court to ascertain the qualifications of Drez to testify as an expert witness. *See* Rule 11–702 NMRA 1999; *State v. Foster*, 1999–NMSC–007, ¶ 42, 126 N.M. 646, 974 P.2d 140. Drez's testimony about her specific training in the physiological effect of alcohol on individuals, together with her eight years of experience in the field and previous scientific college background, was sufficient for the trial court to admit her testimony in the exercise of its discretion.

{19} In light of our determination that the offense of reckless driving governed over the charge of child abuse, we need not discuss Defendant's contention that the trial court erred in denying his motion for directed verdict on the charge of child abuse.

*CONCLUSION*

{20} Defendant's conviction of reckless driving is affirmed. On remand, the trial court shall vacate the conviction of child abuse and enter an amended judgment and sentence consistent with the matters discussed herein.

{21}    IT IS SO ORDERED.

PICKARD, C.J. and WECHSLER, J., concur.

