2000-NMCA-006

994 P.2d 776

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Glenn DUQUETTE, Defendant–Appellant.**

**No. 19,784.**

Court of Appeals of New Mexico.

Dec. 30, 1999.

531

Donna Trujillo Dodd, Albuquerque, for Appellant.

Patricia A. Madrid, Attorney General, M. Anne Kelly, Assistant Attorney General, Santa Fe, for Appellee.

## OPINION

SUTIN, Judge.

{1} Glenn Duquette (Defendant) appeals his conviction for driving while under the influence of intoxicating liquor (DWI) and his sentence as a fourth-time DWI offender. Defendant argues that the trial court erred in denying his motion to suppress his blood-alcohol test results and his motion for a mistrial. We affirm.

## BACKGROUND

{2} Officer Richard Alvarez was dispatched to a domestic dispute and was informed that a light-blue Nissan was leaving the residence. On his way to the residence, Officer Alvarez observed a Nissan truck that matched the dispatcher's description. Officer Alvarez pulled the truck over and informed Defendant why he had been stopped. Defendant admitted that he had come from the residence in question. Officer Alvarez observed that Defendant had bloodshot eyes and slurred speech. Defendant admitted having consumed three beers. Defendant refused to perform a field sobriety test and was arrested for DWI.

{3} At the police station, Defendant again refused to take a field sobriety test. Officer Alvarez read Defendant his rights under the Implied Consent Act, NMSA 1978, §§ 66–8–105 to –112 (1978, as amended through 1993),

and asked Defendant to take a breath test. Defendant became belligerent, directed profanities at the officers, and refused to take the breath test. However, Defendant later agreed to take the test. Defendant's first attempt at taking the test resulted in an "invalid sample" and his second attempt resulted in a reading of "no sample introduced."

{4} Officer Alvarez, having obtained and reviewed Defendant's driving record, believed that he was investigating Defendant's fourth DWI. Because of this belief and the fact that he was unable to obtain a breath test result from Defendant, Officer Alvarez obtained a search warrant to take a blood sample from Defendant. The blood test revealed that Defendant's blood-alcohol level exceeded the legal limit for driving a motor vehicle. The State charged Defendant with DWI, in violation of Section 66–8–102.

{5} At trial Defendant moved to suppress the blood-test results, arguing that the search warrant affidavit did not demonstrate probable cause and that the Legislature did not intend for a DWI to be the felony needed to obtain a search warrant under Section 66–8–111(A), which permits a search warrant authorizing chemical tests when an officer's affidavit states probable cause to believe that a suspect has committed a felony while under the influence of alcohol. The court denied the motion and allowed the blood-test evidence to be presented to the jury. The next day, before closing arguments, Defendant moved for a mistrial, arguing that Section 66–8–111(A) requires the suspect to refuse to submit to a chemical test before a search warrant may be obtained. The trial court denied Defendant's motion and allowed the case to go to the jury. The jury found Defendant guilty of driving with an alcohol concentration of .08 or more. The trial court held that this conviction was Defendant's fourth DWI and that pursuant to Section 66–8–102(G), Defendant had committed a fourth-degree felony.

*DISCUSSION*

{6} Defendant raises three issues on appeal. First, Defendant argues that the trial court erred by denying his motion to suppress because the search warrant affidavit did not demonstrate probable cause that he had committed a felony while under the influence of alcohol, as required under Section 66–8–111(A). Second, Defendant argues that the motion to suppress should have been granted because the Legislature did not intend for the DWI offense to be used as the felony for which there must be probable cause to justify a search warrant under Section 66–8–111(A). Finally, Defendant contends that the trial court erred by denying his motion for mistrial, arguing that Section 66–8–111(A) requires the suspect to refuse to take a chemical test before a search warrant may be obtained. According to Defendant, the search warrant was improperly issued because he cured his initial refusal by agreeing to take a breath test.

*The Court Did Not Err in Denying Defendant's Motions*

### A. The Affidavit Established Probable Cause

{7} When reviewing the denial of a motion to suppress, we must determine "whether the law was correctly applied to the facts, viewing them in a manner most favorable to the prevailing party; all reasonable inferences in support of the court's decision will be indulged in, and all inferences or evidence to the contrary will be disregarded." *State v. Boeglin,* 100 N.M. 127, 132, 666 P.2d 1274, 1279 (Ct.App.1983); *see also State v. Munoz,* 111 N.M. 118, 120, 802 P.2d 23, 25 (Ct.App.1990). Under this standard of review, we are not bound by the trial court's ruling if it is based on an error of law. *See Boeglin,* 100 N.M. at 132, 666 P.2d at 1279.

{8} Section 66–8–111 reads in relevant part:

A. If a person under arrest for violation of an offense enumerated in the Motor Vehicle Code [Articles 1 to 8 of Chapter 66 NMSA 1978, except 66–7–102.1 NMSA 1978] refuses upon request of a law enforcement officer to submit to chemical tests designated by the law enforcement agency as provided in Section 66–8–107 NMSA 1978, none shall be administered except when a municipal judge, magistrate or district judge issues a search warrant

authorizing chemical tests as provided in Section 66–8–107 NMSA 1978 upon his finding in a law enforcement officer's written affidavit that there is probable cause to believe that the person has driven a motor vehicle while under the influence of alcohol or a controlled substance, thereby causing the death or great bodily injury of another person, or there is probable cause to believe that the person has committed a felony while under the influence of alcohol or a controlled substance and that chemical tests as provided in Section 66–8–107 NMSA 1978 will produce material evidence in a felony prosecution.

{9} Defendant argues that the blood-alcohol evidence was inadmissible because the search warrant affidavit did not establish probable cause that Defendant had committed a felony while under the influence of alcohol. According to Defendant, the only information in the search warrant affidavit specifically describing his driving record was in paragraph eight, and paragraph eight was improperly conclusory because it did not indicate Officer Alvarez' source for Defendant's driving history or the number of Defendant's prior DWI convictions. Paragraph eight stated: "Upon an examination of the above listed [D]efendant[']s driving history there was sufficient evidence to charge the above listed defendant for a fourth offense or subsequent DWI."

{10} In holding that the affidavit was sufficient, the trial court reasoned that paragraph eight is not a conclusory statement because it identified "[D]efendant[']s driving history" as the source of Officer Alvarez' information. Second, the trial court reasoned that in applying a common sense reading of the affidavit, the phrase "fourth or subsequent DWI" in paragraph eight "means fourth or fifth or sixth or seventh or eighth or later."

■ {11} In reviewing the sufficiency of a search warrant affidavit, we apply a de novo standard of review. *See In re Shon Daniel K.*, 1998–NMCA–069, ¶ 8, 125 N.M. 219, 959 P.2d 553. In so doing, "we consider only the content of the sworn affidavit submitted to the issuing magistrate." *Id.* "[T]he affidavit must contain sufficient facts to enable the issuing magistrate to independently

pass judgment on the existence of probable cause." *State v. Pargas*, 1997–NMCA–110, ¶ 7, 124 N.M. 249, 948 P.2d 267. "[O]nly a probability of criminal conduct need be shown." *State v. Bowers*, 87 N.M. 74, 76, 529 P.2d 300, 302 (Ct.App.1974). The affidavit need not establish guilt beyond a reasonable doubt. *See id.* In determining if probable cause has been established, we make reasonable inferences and interpret the facts of the affidavit " 'in a common sense and realistic fashion [without any] technical requirements of elaborate specificity.' " *Pargas*, ¶ 9 (quoting *State v. Donaldson*, 100 N.M. 111, 116, 666 P.2d 1258, 1263 (Ct.App.1983)). We apply "a common-sense reading of the affidavit" and show deference to the trial court's determination. *See In re Shon Daniel K.*, ¶ 8; *Bowers*, 87 N.M. at 76, 529 P.2d at 302.

■ {12} In considering the facts in the affidavit and the reasonable inferences drawn from them, we hold that the affidavit in this case is adequate. Officer Alvarez stated in the affidavit that he had sixteen years of experience in the "detection, testing, and arrest" of subjects under the influence of alcohol. In addition, Officer Alvarez stated that he "is a full time salaried police officer employed by the Alamogordo Department of Public Safety and has been so employed for the past three years." This description of Officer Alvarez' experience as a police officer allowed the magistrate to reasonably infer that Officer Alvarez' reference in paragraph eight to "[D]efendant[']s driving history" was a reference to a Department of Motor Vehicle record or other official document that showed Defendant's driving history. Moreover, the magistrate could reasonably infer that Officer Alvarez' statement that "there was sufficient evidence to charge the above listed [D]efendant for a fourth offense or subsequent DWI," meant that Defendant had enough prior convictions, not simply arrests, to charge Defendant with this felony.

{13} While we find the affidavit sufficient in this particular case, the problem raised by this affidavit can be avoided in the future by either attaching the suspect's driving record to the affidavit or by stating in the affidavit the source of the officer's knowledge and articulating specific details in the affidavit,

such as, "Defendant's driving record shows that he has been convicted three times for DWI prior to this incident." Providing such detail is not overly burdensome and does not impose unduly technical requirements on the nonlawyers who generally draft these affidavits.

### B. DWI Can Be the Underlying Felony Offense for Which There Must be Probable Cause to Justify A Search Warrant Under Section 66–8–111(A)

**{14}** Defendant next argues that the motion to suppress should have been granted because the Legislature did not intend for a DWI offense to be used as the felony for which there must be probable cause to justify a search warrant under Section 66–8–111(A). While Defendant made this argument at trial and in his docketing statement, Defendant's entire argument on this issue in his brief is that "Officer Alvarez['] use of the statute to obtain the warrant was not the [L]egislature[']s intent when it enacted the statute."

**{15}** Defendant's contention is unpersuasive. "When a statute contains language which is clear and unambiguous, we must give effect to that language and refrain from further statutory interpretation." *State v. Jonathan M.*, 109 N.M. 789, 790, 791 P.2d 64, 65 (1990); *accord State v. Shije*, 1998–NMCA–102, ¶ 6, 125 N.M. 581, 964 P.2d 142. We apply the plain meaning of the statute unless there is substantial doubt as to the meaning of the statute's language, or the literal language of the statute would lead to an absurd result. *See State v. Muniz*, 119 N.M. 634, 636, 894 P.2d 411, 413 (Ct.App. 1995). "Interpretation of a statute is an issue of law," which we review de novo. *State v. Rowell*, 121 N.M. 111, 114, 908 P.2d 1379, 1383 (1995).

**{16}** The Implied Consent Act is intended "to deter driving while intoxicated and to aid in discovering and removing the intoxicated driver from the highway." *See State v. Copeland*, 105 N.M. 27, 32, 727 P.2d 1342, 1347 (Ct.App.1986); *McKay v. Davis*, 99 N.M. 29, 30, 653 P.2d 860, 861 (1982). We see no rational basis on which to rule that a DWI offense cannot be the felony needed to obtain a search warrant under Section 66–8–111(A).

Section 66–8–111(A) is part of an act that was designed to curtail the very offense at issue. *See McKay*, 99 N.M. at 30, 653 P.2d at 861. Moreover, the Legislature did not enumerate a list of felonies that can or cannot be used as the felony offense needed to obtain a search warrant. Therefore, we believe that the Legislature intended for a DWI offense to be used as a felony for which there must be probable cause to justify a search warrant under Section 66–8–111(A).

### C. No Refusal is Required in Order to Obtain a Search Warrant Under Section 66–8–111(A)

**{17}** Finally, Defendant contends that the trial court erred by denying his motion for mistrial, arguing that Section 66–8–111(A) requires that the suspect refuse to take a chemical test before a search warrant may be obtained. According to Defendant, the search warrant was improperly issued because he cured his initial refusal to take a chemical test by agreeing to take the breath test and thus the blood test was improperly obtained. Therefore, Defendant contends the court should not have allowed the blood-test results into evidence.

**{18}** The grant or denial of a motion for mistrial is "addressed to the sound discretion of the trial court and is only reviewable for an abuse of discretion." *State v. Saavedra*, 103 N.M. 282, 284, 705 P.2d 1133, 1135 (1985). "Abuse of discretion occurs when the trial court's ruling [is] against logic and is not supported by reason." *State v. Guilez*, 1999–NMCA–127, ¶ 18, 128 N.M. 93, 990 P.2d 206, *cert. granted* S.Ct. No. 25,920, 990 P.2d 824 (September 22, 1999).

**{19}** "To preserve a claim of error for appellate review involving the admissibility of evidence, a party must make a timely objection." *State v. Lopez*, 105 N.M. 538, 544, 734 P.2d 778, 784 (Ct.App.1986). This objection "alert[s] the trial judge to a claim of error and give[s] the judge an opportunity to correct any mistake" that may have been made. *Garcia v. La Farge*, 119 N.M. 532, 540, 893 P.2d 428, 436 (1995). Defendant did not object to the admission of the blood-test results on this ground when the results were

admitted. Defendant's motion for mistrial was raised at the conclusion of his case, the day after the evidence was submitted to the jury. The motion was not timely raised. *See State v. Hovey,* 106 N.M. 300, 304, 742 P.2d 512, 516 (1987); *State v. Orosco,* 113 N.M. 789, 799, 833 P.2d 1155, 1165 (Ct.App. 1991).

{20} Nonetheless, even if Defendant had properly preserved the issue for appeal, we would still affirm on the merits for the reasons that follow. The statute allows for those arrested for DWI to refuse to take a chemical test. However, a warrant may nevertheless be issued if a magistrate finds probable cause to believe that: (1) "the person has driven a motor vehicle while under the influence of alcohol or a controlled substance, thereby causing the death or great bodily injury of another person"; or (2) "the person has committed a felony while under the influence of alcohol or a controlled substance and that chemical tests ... will produce material evidence in a felony prosecution." Section 66–8–111(A). We do not read the statute as narrowly as Defendant reads it. Based on our reading of the language in Section 66–8–111(A), we do not believe that a refusal is a condition precedent to issuance of a search warrant when, as here, there exists probable cause to believe Defendant committed a felony while under the influence of alcohol. Even were a refusal required before a search warrant could be issued, we do not read refusal as narrowly as Defendant, and we believe that the Legislature intended the circumstances in this case to come within the refusal contemplated under the statute. Ad-

ditionally as we previously discussed, a purpose of the Implied Consent Act is to aid in the discovery and removal of intoxicated drivers from the highway. *See McKay,* 99 N.M. at 30, 653 P.2d at 861. Obtaining a search warrant when an alternative chemical test is necessary is consistent with this purpose. Thus, a search warrant for a chemical test may be issued pursuant to Section 66–8–111(A) irrespective of whether a person refuses to take the test. *Cf. Copeland,* 105 N.M. at 32, 727 P.2d at 1347 (holding that because the language of the Implied Consent Act does not limit the number of chemical tests and multiple testing is consistent with the purpose of the Act, an extra blood test was permissible). Therefore, we conclude that the trial court did not abuse its discretion in denying Defendant's motion for mistrial.

### CONCLUSION

{21} We conclude that the motion to suppress and the motion for mistrial were properly denied and affirm Defendant's conviction.

{22} **IT IS SO ORDERED.**

DONNELLY and APODACA, JJ., concur.