This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions.  Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                    **No. 31,635**

**DEREK TOOHEY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
William H. Brogan, District Judge

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline Cooper, Chief Public Defender
B. Douglas Wood III, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

Defendant appeals his convictions, pursuant to a conditional plea [RP 101, 124], for driving while under the influence of intoxicating liquor (felony DWI, fourth offense), driving while license suspended or revoked, no proof of insurance, speeding, and failure to yield. [RP 173] Our notice proposed to affirm, and Defendant filed a timely memorandum in opposition. We remain unpersuaded by Defendant's arguments and therefore affirm.

Defendant continues to argue that the district court erred in denying his motion to suppress the results of his blood test because the search warrant authorizing the blood test was deficient. [DS 5; MIO 4; RP 54, 68, 99] In his docketing statement, Defendant pointed to a number of alleged deficiencies in the warrant. [DS 3-4] For most of the alleged deficiencies, Defendant's memorandum in opposition provides no further arguments in support of his position. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

Instead, Defendant's memorandum in opposition focuses only on his continued assertion that the affidavit was deficient because it failed to state that the blood would produce material evidence for a felony prosecution. [DS 4; MIO 5] We disagree. As provided in our notice, the affidavit provides that Defendant "has three or more prior

2

DWI arrests (disposition unknown)." [RP 59, 123] This statement provides sufficient probable cause that Defendant may have had three prior DWI's, with his current arrest constituting a potential fourth, and therefore felony DWI. *See generally State v. Duquette*, 2000-NMCA-006, ¶ 16, 128 N.M. 530, 994 P.2d 776 (providing that DWI can be the underlying felony offense for probable cause to justify a search warrant under Section 66-8-111(A)), *limited on other grounds by State v. Williamson*, 2009-NMSC-039, ¶ 29, 146 N.M. 488, 212 P.3d 376; NMSA 1978, § 66-8-102(G) (providing that, upon a fourth DWI conviction, an offender is guilty of a fourth degree felony).

While the affidavit does not expressly state that it is premised on a potential felony DWI prosecution [MIO 5], the basis for the affidavit is apparent given that it references Defendant's three prior DWI's and is premised on his arrest for a fourth DWI. [RP 59] Moreover, we recognize that the affidavit provides that the disposition for the three prior DWI arrests is unknown. [MIO 6; RP 59] The affidavit's reference to three prior DWI arrests as provided by Defendant's Triple III Inter Agency Identification Index [RP 59], however, nonetheless provides a substantial basis to support a finding of probable cause. *See State v. Williamson*, 2009-NMSC-039, ¶ 31 (recognizing that "[T]he degree of proof necessary to establish probable cause for the

issuance of a search warrant 'is more than a suspicion or possibility but less than a certainty of proof." (internal quotations marks and citation omitted)).

Citing to *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967) and *State v. Boyer*, 103 N.M. 655, 658-59, 712 P.2d 1, 4-6 (Ct. App. 1985) [MIO 7], Defendant also continues to argue that there was insufficient evidence that he has three prior DWI convictions. [DS 4, 5; MIO 7] This argument was not adequately preserved. While Defendant's conditional plea reserved the denial of his motion to suppress [RP 101], the sufficiency of the evidence for his three prior DWI convictions was not the subject of his motion to suppress, and Defendant does not dispute that the record indicates that he specifically stipulated below that he has three prior DWI convictions. [RP 170-72, 174] *See State v. Lopez*, 2009-NMCA-127, ¶ 43, 147 N.M. 364, 223 P.3d 361 (providing that the records of prior convictions must be properly admitted into the record and available for review on appeal, unless such proof is stipulated to or otherwise waived by the defendant). Moreover, apart from the lack of preservation, based on the recitation in the judgment and sentence of the three prior DWI's [RP 174], the State nonetheless satisfied its prima facie burden to show that Defendant has prior DWI convictions, and there is no indication that Defendant presented any evidence to the contrary. *See generally id*. ¶ 36 (addressing the State's

burden of proof for prior DWI convictions for purposes of enhancing a DWI conviction).

To conclude, for reasons set forth herein and in our notice, we affirm.

**IT IS SO ORDERED.**

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**CELIA FOY CASTILLO, Chief Judge**

_____

**JAMES J. WECHSLER, Judge**