This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                    **NO. A-1-CA-36218**

**ROBERT HOLGUIN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Fernando Macias, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Public Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}     Defendant has appealed from his conviction of trafficking methamphetamine by possession with intent to distribute. We previously issued a notice of proposed

summary disposition in which we proposed to affirm. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

{2}     The pertinent background information was set forth in the notice of proposed summary disposition. We will avoid undue repetition here, and focus instead on the content of the memorandum in opposition.

{3}     Defendant continues to argue that the State failed to present sufficient evidence to establish that he possessed methamphetamine beyond a reasonable doubt. [MIO 3-8] Defendant argues that the State failed to prove constructive possession because the car did not belong to Defendant and there were two other passengers present in it prior to the search. [MIO 5-8] "For possession, the [s]tate must prove physical or constructive possession of the object, with knowledge of the object's presence and [illegal] character[.]" *State v. Maes*, 1970-NMCA-053, ¶ 25, 81 N.M. 550, 469 P.2d 529.

> Constructive possession exists when the accused has knowledge of the presence of the [controlled substance] and control over it. Where a person is not in exclusive possession of the premises, it cannot be inferred that the person knew that [a controlled substance was] present and had control over the [controlled substance] unless there are other incriminating statements *or circumstances* tending to buttress such an inference.

2

*State v. Bowers*, 1974-NMCA-135, ¶ 15, 87 N.M. 74, 529 P.2d 300 (emphasis added) (internal quotation marks and citation omitted). Here, the State presented evidence that Defendant had on his person empty baggies with similar designs as the baggies containing methamphetamine that were located in the jacket found in the vehicle. [DS 5] Coupled with the evidence of two glass pipes also located in that jacket, additional two glass pipes with white residue located under Defendant's seat, and a digital scale and additional baggies with methamphetamine located on the front floor board in close proximity to Defendant, [DS 5] we hold that the State presented sufficient circumstantial evidence to support the inference that Defendant knew of the methamphetamine and exercised control over it. [Id.] Specifically, the baggies found on Defendant's person connected him to the methamphetamine found in the jacket, which in turn connected him to the methamphetamine found on the floor board, the combined effect of which was to support the inference of ownership of the methamphetamine and, therefore, knowledge of its presence and control over it; the additional evidence of drug paraphernalia supported the inference of knowledge of the substance's nature. *See State v. Morales*, 2002-NMCA-052, ¶ 29, 132 N.M. 146, 45 P.3d 406 ("[T]his Court must be able to articulate a reasonable analysis that the [fact finder] might have used to determine knowledge and control."), *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, ¶ 37 n.6, 275 P.3d 110. While the

memorandum in opposition relies on Defendant's testimony that the methamphetamine and drug paraphernalia belonged to his passengers, [MIO 7] the applicable standard of review requires us to disregard this evidence. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 ("In reviewing the sufficiency of the evidence used to support a conviction, we resolve all disputed facts in favor of the [s]tate, indulge all reasonable inferences in support of the verdict, and disregard all evidence and inferences to the contrary."). Therefore, we affirm.

{4}     In addition, Defendant has moved to amend the docketing statement to challenge his possession of paraphernalia conviction based on the sufficiency of the State's evidence with respect to the element of possession. [MIO 1, 3] We hereby deny Defendant's motion. *See State v. Moore*, 1989-NMCA-073, ¶¶ 36-51, 109 N.M. 119, 782 P.2d 91 (holding that this Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error), *superceded by rule on other grounds as recognized in State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730. As Defendant acknowledges, plastic baggies of "the type used . . . to package methamphetamine" were found in his "front pants pocket[,]" and Defendant admitted that they belonged to him. [MIO 2-3] We hold that this evidence is sufficient to establish actual possession. *See* UJI 14-130 NMRA ("A person is in possession of [an object] when, on the occasion in question, he knows what it is, he

knows it is on his person or in his presence and he exercises control over it."). [RP 96] As such, we find Defendant's discussion of constructive possession unpersuasive and irrelevant. [MIO 3-8] To the extent Defendant challenges the sufficiency of the State's evidence to establish that he "intended to use the paraphernalia to . . . pack [or] re-pack . . . a controlled substance[,]" [RP 95; MIO 4-5] we are similarly unpersuaded. As we mentioned above, the State presented evidence that methamphetamine packaged in similar baggies was discovered in close proximity to Defendant. [DS 5] We hold that this evidence is sufficient for a reasonable fact finder to infer that Defendant intended to use the empty baggies found on his person for the same purpose. *See State v. Durant*, 2000-NMCA-066, ¶ 15, 129 N.M. 345, 7 P.3d 495 ("Intent can rarely be proved directly and often is proved by circumstantial evidence."). While the memorandum in opposition relies on Defendant's testimony that he carried these baggies to keep small screws he needed for work, [MIO 3] as we stated previously, we must disregard such evidence. *See Rojo*, 1999-NMSC-001, ¶ 19. Therefore, we deny Defendant's motion to amend.

{5}     Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we deny Defendant's motion to amend the docketing statement and affirm.

{6}     **IT IS SO ORDERED.**

5

_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**JULIE J. VARGAS, Judge**

6