Certiorari Denied, No. 31,943, September 30, 2009

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2009-NMCA-124**

**Filing Date: August 28, 2009**

**Docket No. 28,419**

**STATE OF NEW MEXICO,**

**Plaintiff-Appellee,**

**v.**

**ANTHONY JACQUEZ,**

**Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Mike Murphy, District Judge**

Gary K. King, Attorney General
Anita Carlson, Assistant Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Karl Erich Martell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## OPINION

**GARCIA, Judge.**

**{1}** Defendant appeals his convictions, pursuant to a conditional plea agreement, for felony driving while under the influence (DWI), driving while license is suspended or revoked, and no proof of insurance. On appeal, Defendant argues that the initial stop of his vehicle was unlawful and that the evidence that resulted from the traffic stop should therefore be suppressed. Defendant also argues that our registration plate statute, NMSA

1

1978, § 66-3-18(A) (2007), is unconstitutionally void for vagueness and therefore could not provide a lawful basis for the stop. We are not persuaded by Defendant's arguments and affirm.

**BACKGROUND**

{2}     At the suppression hearing, Deputy Barde testified that, as he passed Defendant's vehicle while driving in the opposite direction, he noticed that Defendant's vehicle had a cracked windshield. Based on this observation, Deputy Barde made a U-turn and followed Defendant's vehicle. While driving behind Defendant, Deputy Barde's view of the registration sticker on Defendant's license plate was blocked by a silver frame placed around the plate, and he was unable to see the expiration date of the sticker. Based on the obstruction of the registration sticker, Deputy Barde activated his emergency lights and initiated the traffic stop. The district court addressed the officer's authority to stop Defendant's vehicle at a suppression hearing on January 4, 2008. The court denied Defendant's motion to suppress. Defendant appeals the denial of his motion to suppress.

**DISCUSSION**

{3}     In reviewing the denial of a motion to suppress, we must view the facts in the light most favorable to the prevailing party and determine whether the law was correctly applied to the facts. *State v. Cline*, 1998-NMCA-154, ¶ 6, 126 N.M. 77, 966 P.2d 785. We indulge all reasonable inferences in support of the court's decision and disregard all inferences and evidence to the contrary. *State v. Duquette*, 2000-NMCA-006, ¶ 7, 128 N.M. 530, 994 P.2d 776 (filed 1999).

{4}     On appeal, Defendant argues that the cracked windshield could not justify the stop because there was no indication that Defendant's vision was obstructed or that the crack made driving hazardous. *See, e.g.*, *State v. Munoz*, 1998-NMCA-140, ¶ 11, 125 N.M. 765, 965 P.2d 349 (holding that a violation of NMSA 1978, Section 66-3-801(A) (1991) occurs when a crack in a vehicle's windshield makes the vehicle unsafe to drive). Although Defendant argues that the cracked windshield did not justify the stop, Deputy Barde testified that the crack in Defendant's windshield only caused him to turn around "to see if [he] saw any other violations." Deputy Barde testified that he initiated the traffic stop based on his determination that the obstructed registration sticker constituted a violation of Section 66-3-18(A). Based on the deputy's testimony and the appropriate standard of review, the district court properly held that the Deputy Barde initiated the stop based upon obstruction of the registration sticker.

{5}     In relevant part, Section 66-3-18(A) provides that "[t]he registration plate . . . shall be in a place and position so as to be clearly visible, and . . . clearly legible." An obstructed registration sticker constitutes a violation of Section 66-3-18(A). *See State v. Hill*, 2001-NMCA-094, ¶¶ 28-30, 131 N.M. 195, 34 P.3d 139. We hold that Deputy Barde's observation of such an obstruction to the license plate provided a sufficient basis to justify

2

the stop. *See State v. Vargas*, 120 N.M. 416, 419, 902 P.2d 571, 574 (Ct. App. 1995) (recognizing that a violation of the Motor Vehicle Code provides officers with the requisite reasonable suspicion to conduct an investigatory stop).

**{6}** In anticipation of our holding that the stop was justified by Deputy Barde's observation of the obstructed registration plate, Defendant asserts that Section 66-3-18(A) is unconstitutionally void for vagueness and therefore could not provide a lawful basis for the stop. Although the parties disagree as to whether Defendant adequately preserved the issue below, we exercise our discretion to consider the issue as a matter of "general public interest." Rule 12-216(B) NMRA. We review a challenge to the constitutionality of a statute de novo. *State v. Duran*, 1998-NMCA-153, ¶ 31, 126 N.M. 60, 966 P.2d 768. We presume that the statute is constitutional, *State v. Laguna*, 1999-NMCA-152, ¶ 24, 128 N.M. 345, 992 P.2d 896, and it is the defendant's burden to rebut this presumption, *State v. Andrews*, 1997-NMCA-017, ¶ 10, 123 N.M. 95, 934 P.2d 289. We analyze a claim of vagueness according to the particular facts of each case, *State v. Luckie*, 120 N.M. 274, 276, 901 P.2d 205, 207 (Ct. App. 1995), and a defendant may not succeed on a vagueness claim if the statute clearly applies to the defendant's conduct, *Laguna*, 1999-NMCA-152, ¶ 24. A statute is void for vagueness if: (1) it fails to provide persons of ordinary intelligence using ordinary common sense a fair opportunity to determine whether their conduct is prohibited; or (2) it fails to create minimum guidelines for the reasonable police officer, prosecutor, judge, or jury charged with enforcement of the statute, and thereby encourages subjective and ad hoc application. *Id.* ¶¶ 25-26.

**{7}** First, we address the fair warning or notice aspect of the registration plate statute. Section 66-3-18(A) provides:

> The registration plate shall be attached to the rear of the vehicle for which it is issued; however, the registration plate shall be attached to the front of a road tractor or truck tractor. The plate shall be securely fastened at all times in a fixed horizontal position at a height of not less than twelve inches from the ground, measuring from the bottom of the plate. It shall be in a place and position so as to be clearly visible, and it shall be maintained free from foreign material and in a condition to be clearly legible.

Defendant argues that the statute is unconstitutionally vague because it does not state precisely what on the plate must be "clearly visible." However, Defendant acknowledges that there are some circumstances in which a violation of the statute would be obvious, such as a plate that is so worn or dirty so as to be unreadable. As applied to the particular circumstances of this case, Defendant argues that Deputy Barde could identify the critical elements of his plate—the state of registration and the plate number—and asserts that it is not apparent that a violation of the statute could be based on "[t]he fact that the [registration] sticker was covered." We disagree.

**{8}** As recognized in *Hill*, the term "'registration plate' is a broad term comprising everything that evidences registration, including plates, tabs, *and renewal stickers*." 2001-NMCA-094, ¶ 29 (emphasis added). Consistent with *Hill*, NMSA 1978, Section 66-1-4.15(I) (2007) specifically defines registration plate as "the plate, marker, sticker or tag

3

assigned by the division for the identification of the registered vehicle[.]" Other related New Mexico registration statutes similarly make it clear that the registration sticker is part of the registration plate. *See, e.g.*, NMSA 1978, § 66-1-4.19(A) (2005) (defining "validating sticker" as the "tab or sticker issued by the division to signify, upon a registration plate, renewed registration"); § 66-3-18(C) (providing that "[n]o vehicle while being operated on the highways of this state shall have displayed . . . any registration plate, including validating sticker, other than one issued or validated for the current registration period").

{9}     A registration sticker that is obstructed by a license plate frame placed over the sticker so as to prevent the information contained on the sticker from being read constitutes a violation of Section 66-3-18(A). *See Hill*, 2001-NMCA-094, ¶¶ 28-30. The registration sticker provides required information that allows officers to ensure that the vehicle's registration is current. Section 66-3-18(A) requires that this necessary information must be posted in a manner that makes the registration sticker clearly visible. In short, a common sense reading of Section 66-3-18(A) dictates that the visibility requirement extends not just to selective portions of the plate, as advocated by Defendant, but instead to *all* of the registration information required to be displayed on the license plate. *See State ex rel. Children, Youth & Families Dep't v. Shawna C.*, 2005-NMCA-066, ¶ 34, 137 N.M. 687, 114 P.3d 367 (holding that a statute is valid when it "convey[s] sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices" (internal quotation marks and citation omitted)). We conclude that Section 66-3-18(A) provides citizens fair warning of the prohibited conduct of obstructing the vital information required to be displayed on a vehicle's license plate, including the registration sticker.

{10}     We are not persuaded by Defendant's assertion that registration stickers are too small to be read from a distance or while driving and thus should be excluded from the visibility requirement. Whether or not the stickers can be viewed by an officer while driving is not a matter of record. *See State v. Romero*, 87 N.M. 279, 280, 532 P.2d 208, 209 (Ct. App. 1975) (holding that "[m]atters outside the record present no issue for review"). We further decline Defendant's invitation to take judicial notice on this point, as the readability of registration stickers will vary depending on the distance between the two vehicles and a host of other factors. *See Rozelle v. Barnard*, 72 N.M. 182, 183, 382 P.2d 180, 181 (1963) (precluding judicial notice when uncertainty surrounds the fact or matter in question); *see also* Rule 11-201(B) NMRA (providing that judicial notice is generally not appropriate for matters that are subject to reasonable dispute or incapable of ready and accurate determination).

{11}     We next consider whether Section 66-3-18(A) encourages arbitrary or discriminatory enforcement. Defendant asserts that "Deputy Barde's interpretation of Section 66-3-18 would allow any officer to pull over *any* car with a license plate holder, since the registration sticker . . . is obscured by many (if not *most*) license plate holders." Whether or not most license plate frames obscure registration stickers is not a matter of record. *See Romero*, 87 N.M. at 280, 532 P.2d at 209 ("Matters outside the record present no issue for review."). Further, irrespective of the accuracy of Defendant's assertion, the critical inquiry is whether the statute provides officers with minimal guidelines for enforcement. To this end, Section 66-3-18(A) allows officers to effect a stop only if an object causes the information on the plate to be obstructed so that it is not clearly visible. The fact that a law enforcement officer

4

must view the license plate to determine whether the required registration information is clearly visible does not, by itself, establish that the determination is an ad hoc or subjective application of the law. Objective evidence regarding the visibility of the registration sticker can be presented to the trial court. For this reason, we cannot conclude that Section 66-3-18(A) lacks minimal guidelines for enforcement or fails to constrain the discretion of law enforcement officers.

**{12}** Lastly, we disagree with Defendant's argument that the present case is analogous to the circumstances addressed in *Smith v. Goguen*, 415 U.S. 566, 568-76 (1974). In *Goguen*, the statute criminalized "treat[ing] contemptuously the flag of the United States." *Id.* at 568-69 (internal quotation marks and citation omitted). Treating something "contemptuously" involves a subjective determination that does not place a defendant on notice of any particular act that would be prohibited and allows indiscriminate enforcement. *Id.* at 575-76. Consequently, the statute was unconstitutionally vague. *Id.* at 576-77. Conversely, the application of Section 66-3-18(A) leaves minimal room for subjectivity and allows for objective evidence of verification. The statute unambiguously requires that the information on the registration plate be clearly visible. *Id.* As such, we determine that Section 66-3-18(A) meets the minimum guidelines for the reasonable police officer, judge, or jury charged with enforcement of the statute, and thereby does not promote a subjective and ad hoc application. Defendant did not present any evidence or argue that the registration sticker on his vehicle was, in fact, visible. Because the evidence established that Defendant's license plate frame prevented Deputy Barde from viewing the information contained on the registration sticker, the stop of Defendant's vehicle was not indiscriminate.

**{13}** In light of our conclusion that Section 66-3-18(A) is not void for vagueness, we need not consider Defendant's contention that the officer could not rely in good faith on an unconstitutional statute.

**CONCLUSION**

**{14}** Consistent with the foregoing analysis, we hold that Deputy Barde lawfully stopped Defendant's vehicle based on his observation of a violation of Section 66-3-18(A). We further hold that Section 66-3-18(A) is constitutional and is not void for vagueness. We affirm.

**{15}   IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____

5

**LINDA M. VANZI, Judge**

**Topic Index for** *State v. Jacquez***, No. 28,419**

**CL**              **CRIMINAL LAW**
CL-MH         Motor Vehicle Violations

**CT**              **CONSTITUTIONAL LAW**
CT-VO        Vague or Overbroad