This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                                    **NO. 30,125**

**RUSSELL RANKIN,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Kenneth H. Martinez, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

James W. Grayson, Assistant Attorney General
Albuquerque, NM

for Appellant

Sandoval Law Firm
Frederick Jones
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**FRY, Chief Judge.**

The State appeals an order suppressing evidence obtained pursuant to a traffic stop and an ensuing vehicle search. We proposed to affirm in a notice of proposed summary disposition, and the State has filed a timely memorandum in opposition. Remaining unpersuaded by the State's memorandum, we affirm.

The district court's order suppressing the evidence involves mixed questions of fact and law. *See State v. Neal*, 2007-NMSC-043, ¶ 15, 142 N.M. 176, 164 P.3d 57. On appeal, this Court reviews the facts under a substantial evidence standard and then reviews de novo the district court's application of law to those facts. *State v. Affsprung*, 2004-NMCA-038, ¶ 6, 135 N.M. 306, 87 P.3d 1088.

Defendant was a passenger in a Chevy Suburban that was observed by Officer Guevara displaying a temporary registration tag affixed to the upper left corner of the vehicle's back window. [MIO 1-2; DS 4-5; RP 141] Guevara testified at trial that he thought there was an ordinance or statute requiring that such temporary tags be displayed on the area where the license plate would be mounted. [MIO 2; DS 4, 7; RP 141] He stopped the Chevy Suburban for improper placement of the registration tag. [MIO 2] Evidence showed that there were no ordinances regulating temporary tag display. [RP 142] Furthermore, the relevant New Mexico statute requires that such temporary tags be displayed on the inside rear left window of the vehicle. [RP 142] *See* NMSA 1978, § 66-3-18(B) (2005) (amended 2007).

2

After hearing Guevara's testimony, the district court sua sponte ruled that the stop was not supported by probable cause or reasonable suspicion and issued an order suppressing the evidence. [DS 2; RP 141-143] In our notice of proposed summary disposition, we proposed to affirm the suppression order. We noted that there is no ordinance relating to the placement of the temporary registration tag, and the tag was properly placed in accordance with State law. We also observed that the district court apparently did not believe Guevara's testimony that he thought the tag was altered because he offered no testimony to support that belief. [DS 4-5; RP 141-142] As Guevara stopped the vehicle based upon a mistaken belief as to the law, we proposed to hold that Guevara did not have reasonable suspicion to initially stop the vehicle. *See* State v. Anaya, 2008-NMCA-020, ¶ 17, 143 N.M. 431, 176 P.3d 1163 (filed 2007) (holding that the officer's mistaken belief that the suspect had committed a traffic offense did not create reasonable suspicion and thus the traffic stop was illegal). We also noted that it did not appear that Guevara offered any other facts in an attempt to justify the stop. [RP 141-143] Instead, he "made a mistake of law, [without any] other facts or testimony to support the violation of another law or to support reasonable suspicion on other grounds." *Id.*; *see State v. Hubble*, 2009-NMSC-014, ¶¶ 26-32, 146 N.M. 70, 206 P.3d 579 (discussing the Court of Appeals' opinion in *Anaya* and confirming the holding that an officer's mistaken belief that a suspect has

3

violated the law cannot provide reasonable suspicion to support a traffic stop unless "the facts surrounding the officer's decision [support a finding that] the officer had reasonable suspicion on another basis").

In its memorandum in opposition, the State concedes that an officer cannot justify a stop based upon a mistaken belief that the defendant's conduct violates the law. [MIO 4-5] Therefore, it agrees that "Guevara's misunderstanding about the proper legal placement of a temporary registration tag was a mistake of law that could not justify a traffic stop." [MIO 5] *See id.* ¶¶ 26-32. Finally, the State appears to abandon any argument suggesting that the stop was appropriate because Guevara thought the temporary tag had been altered. [MIO 5-7] However, it then contends that the stop was justified by other circumstances which provided Guevara with an objectively reasonable basis for the stop. [MIO 5-7]

In opposing our proposed summary affirmance, the State notes that Section 66-3-18(B), while specifying that a temporary registration tag be placed on the inside rear left window of a vehicle, also provides that if the registration tag "is not visible or readable from that position, . . . the temporary [registration] permit shall be displayed in such a manner that it is clearly visible from the rear or left side of the vehicle." [MIO 6] Noting that Guevara testified that he was unable to read the registration tag from the rear of the vehicle, the State claims that Guevara's testimony, when viewed

4

objectively, establishes a reasonable suspicion that the placement of the tag violated Section 66-3-18(B) because an illegible temporary tag must be placed somewhere other than in the rear window.  [MIO 6-7]  We are not persuaded.

First, our review of the record indicates that Guevara specifically testified that he stopped the vehicle because he thought temporary tags needed to be placed on an illuminated portion of the vehicle, in other words "where the license plate would normally be placed."  [RP 141]  Therefore, it appears the argument that Guevara's suspicion was based on the portion of Section 66-3-18(B) requiring alternative placement in the event the tag cannot be read was never raised below.  *See State v. Hunter*, 2001-NMCA-078, ¶ 18, 131 N.M. 76, 33 P.3d 296 (stating that "[m]atters not of record present no issue for review"); *State v. Alingog*, 116 N.M. 650, 655, 866 P.2d 378, 383 (Ct. App. 1993) (finding that when the state failed to bring an issue to the district court's attention, it failed to preserve it), *rev'd on other grounds*, 117 N.M. 756, 877 P.2d 562 (1994).

Moreover, there is nothing in the record indicating that Guevara stopped the car because he understood that a tag should usually be placed in the rear window but that this case presented an exception to the usual rule given that he could not read the tag. Instead, the record indicates that Guevara clearly thought an ordinance required placement somewhere other than the rear window.  [RP 141]

5

Finally, we are not convinced that Guevara's alleged inability to read the tag warrants a conclusion that the tag was placed in violation of Section 66-3-18(B). There is nothing to indicate that the alternative placement of the temporary tag was warranted in this case because the evidence indicates that Guevara could see the tag, he just could not read it, and thus the tag was "clearly visible from the rear or left side of the vehicle." Section 66-3-18(B). [RP 141] We construe the language of Section 66-3-18(B) to mean that an alternative placement is warranted if the tag could not be seen from the rear window due to an obstruction. *State v. Jacquez*, 2009-NMCA-124, ¶¶ 5, 9, 147 N.M. 313, 222 P.3d 685 (holding that "[a] registration sticker that is obstructed by a license plate frame placed over the sticker so as to prevent the information contained on the sticker from being read" was a violation of Section 66-3-18(B), because the sticker was not clearly visible and legible), *cert. denied*, 2009-NMCERT-009, __ N.M. __, 224 P.3d 649; *State v. Hill*, 2001-NMCA-094, ¶ 30, 131 N.M. 195, 34 P.3d 139 (affirming the defendant's conviction for violating Section 66-3-18 because a trailer hitch blocked the renewal sticker on the registration plate so that it could not be seen). There is no such evidence in this case and no testimony that Guevara's suspicions were based on the alternative placement requirements applicable in Section 66-3-18(B) when the tag is obstructed. *Jacquez*, 2009-NMCA-124, ¶ 11

(noting that "Section 66-3-18(A) allows officers to effect a stop only if an object causes the information on the plate to be obstructed so that it is not clearly visible").

**CONCLUSION**

For the foregoing reasons, as well as those set forth in our notice of proposed disposition, we affirm the district court's order suppressing the evidence obtained as a result of the illegal traffic stop.

**IT IS SO ORDERED.**

_____

**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Judge**

_____

**ROBERT E. ROBLES, Judge**