This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**TYSON YAZZIE**,

Petitioner-Appellant,

v.                                                            NO. 30,871

**MOTOR VEHICLE DIVISION,**
**DEPARTMENT OF TAXATION AND**
**REVENUE, STATE OF NEW MEXICO,**
**KEN ORTIZ, DIRECTOR,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Thomas J. Hynes, District Judge**

Titus & Murphy Law Firm
Victor A. Titus
Farmington, NM

for Appellant

Gary K. King, Attorney General
Julia Belles, Special Assistant Attorney General
Santa Fe, NM

for Appellee

## MEMORANDUM OPINION

**VIGIL, Judge.**

This case raises issues controlled by the New Mexico Supreme Court's recent decision in *Schuster v. State of New Mexico Department of Taxation and Revenue*, 2012-NMSC-___, ___ P.3d ___ (No. 32,942, July 26, 2012).  Finding no error, we affirm.

**I.    BACKGROUND**

Tyson Yazzie (Driver) was arrested on suspicion of driving while intoxicated (DWI), and his driver's license was subsequently revoked by the Motor Vehicle Division (MVD) after a revocation hearing, pursuant to the Implied Consent Act, NMSA 1978, Sections 66-8-105 to -112 (1978, as amended through 2010).  Because this is a memorandum opinion and the parties are familiar with the facts and procedural background, we reserve discussion of the pertinent facts within the context of Driver's arguments.

**II.    ANALYSIS**

Driver raises four issues on appeal:  (1) that the MVD improperly decided the constitutionality of the traffic stop and that the district court was required to conduct a de novo hearing on those issues; (2) that reasonable suspicion did not exist to conduct a traffic stop and Driver was therefore unlawfully seized; (3) that probable cause did not exist for Driver's subsequent arrest; and (4) that the officer unlawfully

conducted a pretextual traffic stop. We address each argument in turn, applying a whole record review to the MVD's decision to determine whether substantial evidence supports the MVD's findings. *See Miller v. Bd. of Cnty. Comm'rs*, 2008-NMCA-124, ¶ 16, 144 N.M. 841, 192 P.3d 1218 ("This Court applies the same statutorily defined standard of review as the district court. The district court may reverse an administrative decision only if it determines that the administrative entity acted fraudulently, arbitrarily, or capriciously; if the decision was not supported by substantial evidence in the whole record; or if the entity did not act in accordance with the law." (alterations, internal quotation marks, and citations omitted)).

**A. The District Court Properly Reviewed the MVD Decision in Its Appellate Capacity**

We stayed this case pending our Supreme Court's resolution of *Schuster*, 2012-NMSC-___. *Schuster* holds that with respect to license revocation proceedings, the MVD must make a determination as to whether a traffic stop was constitutional and that the district court reviews that decision in its appellate jurisdiction. *See id.* ¶ 8. Because the MVD and the district court acted consistent with the directives laid out by our Supreme Court in *Shuster*, we find no error on this issue. Counsel for Driver was also defense counsel in *Schuster*, and therefore is familiar with the facts of both

3

*Schuster* and this case. As this is a memorandum opinion, we do not engage in any further discussion on this issue.

**B.    Constitutionality of Driver's Stop and Arrest**

Driver argues that the MVD erred in concluding both that his traffic stop initiated by the officer was supported by reasonable suspicion and that probable cause existed for his subsequent arrest for DWI. *See State v. Jason L.*, 2000-NMSC-018, ¶ 14, 129 N.M. 119, 2 P.3d 856 ("An arrest must be supported by probable cause and an investigatory stop must be supported by reasonable suspicion."). These issues are "reviewed on appeal as [] mixed question[s] of law and fact in which factual questions are considered for substantial evidence and the application of law to the facts is reviewed de novo." *Schuster*, 2012-NMSC-___, ¶ 23.

**1.    The Officer Had Reasonable Suspicion to Stop Driver**

We have thoroughly reviewed the record and conclude that substantial evidence supported the MVD's finding that the stop was constitutional based on the officer's testimony that he witnessed Driver violate the traffic lane provision of the Motor Vehicle Code. *See* NMSA 1978, § 66-7-317(A) (1978) ("Whenever any roadway has been divided into two or more clearly marked lanes for traffic . . . a vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made

4

with safety[.]"); *State v. Jacquez*, 2009-NMCA-124, ¶ 5, 147 N.M. 313, 222 P.3d 685 (providing that a violation of the Motor Vehicle Code provides an officer with reasonable suspicion to conduct an investigatory stop).  Although Driver argues on appeal that the officer's mistake of law cannot provide the basis for a constitutional stop, he fails to establish how the officer's testimony that he observed Driver fail to maintain a traffic lane was not a violation of Section 66-7-317 of the Motor Vehicle Code.  *See State v. Hubble*, 2009-NMSC-014, ¶¶ 30-32, 146 N.M. 70, 206 P.3d 579 (stating that where there was no evidence that the police officer misunderstood the breadth of the turn signal section of the Motor Vehicle Code, there was no mistake of law, and characterizing an officer's misunderstanding of the circumstances of the violation as a mistake of fact, distinguishing it from a mistake of law).  Accordingly, we conclude that the traffic stop was supported by reasonable suspicion.

**2.      The Officer Had Probable Cause to Arrest Driver**

Based upon our thorough review of the record, we also conclude that sufficient evidence supported the MVD's finding that the officer had probable cause to arrest Driver on suspicion of DWI.  Probable cause exists when "facts and circumstances within the officer's knowledge, or on which the officer has reasonably trustworthy information, are sufficient to warrant someone of reasonable caution to believe that

an offense has been or is being committed." *State v. Galloway*, 116 N.M. 8, 11, 859 P.2d 476, 479 (Ct. App. 1993).

The officer testified that Driver's breath smelled of alcohol; he was unsteady on his feet when stepping out of the vehicle and had to use the vehicle for balance; had slowed demeanor; had red, bloodshot watery eyes; and that Driver admitted to having consumed three beers at the Three Rivers Brewery prior to driving. Driver also refused to perform field sobriety tests, which can support an inference of consciousness of guilt. *See State v. Wright*, 116 N.M. 832, 835, 867 P.2d 1214, 1217 (Ct. App. 1993) (stating that refusal to submit to a breath test is admissible to support an inference of consciousness of guilt). Based on this evidence, we conclude that sufficient evidence was presented to support probable cause for an arrest on suspicion of DWI. *See State v. Hernandez*, 95 N.M. 125, 126, 619 P.2d 570, 571 (Ct. App. 1980) (concluding that the officer had probable cause to arrest where the defendant had driven in the officer's presence, and the officer noted that the defendant smelled of alcohol and had slurred speech).

**D.    Driver Did Not Preserve His Argument That the Stop Was Pretextual**

Driver also contends that the officer's traffic stop of his vehicle was pretextual and unconstitutional under *State v. Ochoa*, 2009-NMCA-002, 146 N.M. 32, 206 P.3d 143. Pursuant to *Schuster*, the constitutionality of the stop must be decided by the

6

MVD, and any objections to the constitutionality of the stop must also be raised before the MVD to preserve the issue for appellate review by the district court. *See Schuster*, 2012-NMSC-__, ¶ 8. Defense counsel did not argue in the MVD hearing that the stop was pretextual and, instead, first raised this issue in the district court. *Woolwine v. Furr's, Inc.*, 106 N.M. 492, 496, 745 P.2d 717, 721 (Ct. App. 1987) ("To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court."). Because Driver failed to preserve this issue before the MVD, we decline to address it.

**III.    CONCLUSION**

We affirm.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Judge**

_____
**TIMOTHY L. GARCIA, Judge**