**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

Opinion Number: _____

Filing Date: **JULY 17, 2018**

**No. A-1-CA-36153**

**STATE OF NEW MEXICO,**

   Plaintiff-Appellee,

v.

**JOSE CHAVEZ,**

   Defendant-Appellant.


**APPEAL FROM THE DISTRICT COURT OF LUNA COUNTY**
**Jennifer E. DeLaney, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Anne Kelly, Assistant Attorney General
Albuquerque, NM

for Appellee

Charles E. Knoblauch
Albuquerque, NM

for Appellant

**OPINION**

**ZAMORA, Judge.**

{1}     Defendant appeals his convictions for driving while under the influence of intoxicating liquor (DWI), pursuant to NMSA 1978, Section 66-8-102 (2016), and for following too closely, pursuant to NMSA 1978, Section 66-7-318 (1978). Defendant raises a single issue on appeal—that Section 66-7-318 is unconstitutionally vague and therefore void. We issued a notice of proposed summary disposition proposing to affirm, in response to which Defendant filed a memorandum in opposition. After due consideration of Defendant's arguments we affirm Defendant's convictions for the reasons discussed below.

**BACKGROUND**

{2}     New Mexico State Police Officer Bobbie Terrazas observed Defendant's vehicle following another vehicle and initiated a traffic stop. Officer Terrazas testified that she stopped the vehicle for following too closely based on a "highway standard" that for "every ten[-]miles[-per hour] you are going, it's a car length." According to Officer Terrazas, she observed no sky between the vehicles, leading her to believe that the distance between Defendant's vehicle and the vehicle he was following was less than a car length. As a result of the stop Officer Terrazas obtained evidence leading to Defendant's DWI conviction.

{3}    Defendant moved to suppress the evidence obtained after the stop, claiming that Officer Terrazas lacked reasonable suspicion to stop his vehicle. He indicates that at the suppression hearing he argued that the following-too-closely statute lacks specificity, making it difficult to enforce and providing no objective standard to which the public can conform its behavior. The motion was denied, Defendant was convicted of the traffic offenses, and he appealed to this Court.

**DISCUSSION**

{4}    Defendant claims that Officer Terrazas had no reasonable suspicion to stop his vehicle because the following-too-closely statute is unconstitutionally vague. Section 66-7-318 prohibits a driver of a motor vehicle from "follow[ing] another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway." According to Defendant the "reasonable and prudent" standard is constitutionally unenforceable for two reasons: first, it provides officers with too much discretion in deciding when the statute has been violated, and second, it provides insufficient guidance to the motoring public in determining how closely they may follow another vehicle without violating the statute.

{5}    When a defendant contends that a statute is unconstitutionally vague, we review the claim "in light of the facts of the case and the conduct which is prohibited

2

by the statute." *State v. Laguna*, 1999-NMCA-152, ¶ 24, 128 N.M. 345, 992 P.2d 896 (internal quotation marks and citation omitted). There is a "strong presumption of constitutionality[,]" and a defendant "has the burden of proving [that] a statute is unconstitutional beyond all reasonable doubt." *Id.* A statute is unconstitutionally vague if:

> (1)     it fails to provide persons of ordinary intelligence using ordinary common sense a fair opportunity to determine whether their conduct is prohibited; or
>
> (2)     it fails to create minimum guidelines for the reasonable police officer, prosecutor, judge, or jury charged with enforcement of the statute, and thereby encourages subjective and ad hoc application.

*State v. Jacquez*, 2009-NMCA-124, ¶ 6, 147 N.M. 313, 222 P.3d 685.

{6}     We have already addressed the constitutionality of the "reasonable and prudent" standard of Section 66-7-318 in a non-precedential opinion. *State v. Sanchez*, No. A-1-CA-34170, 2016 WL 1546619, mem. op. ¶ 8 (N.M. Ct. App. Mar. 2, 2016) (non-precedential) (internal quotation marks and citation omitted). In *Sanchez* we held that the provision's "reasonable and prudent" standard provides adequate notice to drivers of what driving behavior is proscribed by the statute. *Id.* ¶¶ 6-9. We also held that the provision does not invite ad hoc application or inconsistent enforcement, and that the possibility of flexibility in applying the statute does not overcome the presumption that a given statute is constitutional. *Id.* ¶ 10. In

doing so we discussed *United States v. Hunter*, 663 F.3d 1136 (10th Cir. 2011), which rejected a void-for-vagueness challenge to a Kansas statute containing language identical to that found in Section 66-7-318. The *Hunter* court points out that "imprecision in statutes such as the one here simply build in needed flexibility while incorporating a comprehensible, normative standard easily understood by the ordinary driver, and giving fair warning as to what conduct on his or her part is prohibited." *Id.* at 1142 (footnote omitted).

{7}     In addition to *Hunter*, a number of opinions from other jurisdictions have come to the same conclusion as we did in *Sanchez*, regarding the constitutionality of the "reasonable and prudent" standard in the context of following too closely. *See, e.g.*, *State v. Harper*, 415 P.3d 948, 952-53 (Idaho Ct. App. 2018) (stating that a violation of the statute "not need to be reduced to an exact mathematical equation," and that the statute that instructs officers to make judgments based on a reasonable and prudent standard and provides other factors to consider affords drivers notice of the prohibited conduct and guides the discretion of the officers); *Nolan v. State*, 2014-KM-01647, 182 So. 3d 484, ¶¶ 33-34, 37 (Miss. Ct. App. 2016) (referring to multiple other jurisdictions that have reviewed statutes prohibiting following too closely and have decided those statutes are constitutional, and holding that the statutory language coupled with rules of the road are sufficiently definite to allow an ordinary person to

understand the prohibited conduct and avoid arbitrary enforcement from officers); *State v. Harton*, 108 S.W.3d 253, 259-60 (Tenn. Crim. App. 2002) (referring to decisions from other states refusing to find following-too-closely statutes unconstitutionally vague, and concluding that the Tennessee statute gives "fair warning of prohibit[ed] conduct and provides sufficient guidance to prevent arbitrary and discriminatory enforcement"). Our research has not uncovered a single case invalidating a following-too-closely statute on the basis that the "reasonable and prudent" standard is unconstitutionally vague. We note also that the Uniform Vehicle Code, which appears to be the source for many if not all of the following-too-closely statutes in various jurisdictions, contains exactly the same "reasonable and prudent" language as Section 66-7-318. *See* Nat'l Comm. on Unif. Traffic Laws and Ordinances, *Uniform Vehicle Code & Model Traffic Ordinance* ch. 11, art. III, § 11-310(a) (2000), http:\\iamtraffic.org/wp-content/uploads/2013/01/UVC2000.pdf.

{8}	We see no reason to depart from the overwhelming weight of precedent addressing this issue. We do note that in our notice of proposed summary disposition we challenged Defendant to locate even one case in which the "reasonable and prudent" standard was held to be constitutionally vague. In response, Defendant cited two cases involving speeding statutes, one decided in 1963 and one decided in 1912, which did indeed invalidate the statutes in question because they provided no

numerical speed limit but instead prohibited driving at a speed greater than was reasonable and prudent or reasonable and proper. *State v. Campbell*, 196 A.2d 131, 132 (R.I. 1963); *Hayes v. State*, 75 S.E. 523, 523 (Ga. Ct. App. 1912). This result might be more defensible in the speeding context (although we express no opinion on that subject), where it is possible to establish firm, enforceable numerical standards governing the speed at which a vehicle may be driven under normal driving conditions. However, in the context of the various factors that must be taken into account in deciding whether a driver is following another vehicle too closely, such as the condition of the road, the amount of traffic in the vicinity, and the speed at which the vehicles are traveling, the analyses set out in *Sanchez, Hunter*, and the many out-of-state authorities mentioned above are more persuasive.

{9} We note finally that Defendant's docketing statement argued that we should depart from the federal and out-of-state authorities addressing this issue because our state Constitution has been construed to provide greater protection than that granted by the Fourth Amendment to the United States Constitution. In our notice of proposed summary disposition we pointed out that this argument seems irrelevant to the void-for-vagueness argument made in this case. We also stated that we are aware of no authority indicating that our application of constitutional vagueness principles is, or should be, more exacting than the federal courts' or any other state's application of

6

those principles. In response, Defendant refers briefly to a "right to locomotion" and the federal courts' willingness to restrict that right, as exemplified by the *Hunter* opinion. This summary statement is not sufficient to explain Defendant's theory that the state Constitution provides greater protection in the void-for-vagueness and traffic-laws context than does the federal Constitution, and we therefore do not address the argument. *See State v. Gonzales*, 2011-NMCA-007, ¶ 19, 149 N.M. 226, 247 P.3d 1111 (stating that "this Court has no duty to review an argument that is not adequately developed").

**CONCLUSION**

{10}    Based on the foregoing, we conclude that the district court did not err in denying Defendant's motion to suppress, and we affirm Defendant's convictions.

{11}    **IT IS SO ORDERED.**


_____

**M. MONICA ZAMORA, Judge**

**WE CONCUR:**


_____
**J. MILES HANISEE, Judge**


_____
**STEPHEN G. FRENCH, Judge**

7