2001-NMCA-046

28 P.3d 1120

**STATE of New Mexico,**
**Plaintiff–Appellee,**

v.

**Jose ROMERO, Defendant–Appellant.**

No. 21,078.

Court of Appeals of New Mexico.

May 30, 2001.

Certiorari Denied, No. 27,003,
July 13, 2001.

Patricia A. Madrid, Attorney General, Katherine Zinn, Assistant Attorney General, Santa Fe, NM, for Appellee.

Phyllis H. Subin, Chief Public Defender, Susan Roth, Assistant Appellate Attorney, Santa Fe, NM, for Appellant.

## OPINION

ARMIJO, Judge.

{1} Defendant appeals the trial court's denial of his motion to suppress evidence based upon the inevitable discovery exception to the exclusionary rule. A small quantity of cocaine was discovered in his pocket during a search which was subsequently determined to be unlawful by the trial court. The trial court determined that the cocaine would have been inevitably discovered during a standard inventory search to be conducted at the police substation after his arrest for domestic battery and, consequently, denied Defendant's motion. We reject Defendant's assertion that the State failed to present sufficient evidence that the drug would have been discovered during an inventory search and affirm the trial court's denial on the motion to suppress.

## BACKGROUND

{2} On November 22, 1998, Defendant was arrested for battery against a household member, possession of cocaine, and possession of drug paraphernalia. Before trial, he moved to suppress the evidence found during an unlawful search of his person. At the hearing on the motion to suppress, the court heard the testimony of the three police officers present at the time of Defendant's arrest. A summary of the relevant evidence follows.

{3} Deputy Barlow testified that while patrolling in his vehicle, he observed a man on the street restraining Defendant in a grapple-type hold. Defendant and the other man appeared to be fighting. Upon observing the skirmish, Deputy Barlow exited his vehicle, called dispatch, and requested additional units to the scene. As the officer exited his vehicle, Defendant began to walk away from him. Deputy Barlow called Defendant back and was speaking with him when he noticed dried blood on his mouth. He also noticed a woman sitting in a vehicle parked nearby. The woman was later identified as Defendant's girlfriend, Laura Huerta. Defendant

explained to the deputy that he and Huerta had been arguing. He denied engaging in any physical altercation with her.

{4} Deputy Barlow approached Huerta and noted that her make-up was smeared and that she was crying. He observed abrasions on her face and red marks on her neck consistent with strangulation. There was a clump of what appeared to be Huerta's hair on the floorboard of the vehicle and another clump just outside of the vehicle. Believing that Defendant had committed domestic battery, Deputy Barlow read Defendant his *Miranda* rights.

{5} Deputy Luevano arrived next at the scene and spoke with Huerta. He testified that she was crying and that he observed "obvious signs of physical violence" including the red marks on her neck, face abrasions, and smeared make-up. Huerta told him that she had been arguing with Defendant. When asked if Defendant had caused her injuries, she responded that she had "argued" with him and that he had held her face during the argument. Deputy Luevano believed her statements were consistent with the smeared make-up and face abrasions which he observed and concluded that Defendant caused her injuries.

{6} Deputy Perez was the third officer to arrive at the scene. He was instructed to guard Defendant. The deputy searched Defendant's person and found a small packet of cocaine in his front pocket.

{7} At the conclusion of the suppression hearing, the court determined that the search, resulting in the seizure of the cocaine, was unlawful. The State has not challenged this holding; thus, it is unnecessary that we examine the reasons why the search was illegal. This issue is not before us. However, the court denied the motion to suppress based upon the fact that the cocaine would have been inevitably discovered pursuant to an inventory search to be conducted at the police substation after Defendant's arrest for domestic battery. Defendant pled guilty to possession of a controlled substance, received an eighteen-month deferred sentence, and reserved his right to appeal the denial of his motion to suppress. This appeal followed.

## DISCUSSION

{8} The sole issue in this appeal is whether the "inevitable discovery" exception applies to the facts of this case. Defendant asserts that the State failed to prove by a preponderance of the evidence that (1) he would have been arrested for domestic battery if the cocaine had not been found; and (2) if he had been arrested for domestic battery, the packet of cocaine would have been found during a legal inventory search procedure.

{9} In conducting our review, we determine whether the law was correctly applied to the facts, giving due deference to the factual findings of the lower court. *State v. Wagoner*, 2001–NMCA–014, ¶ 11, 130 N.M. 274, 24 P.3d 306; *State v. Duquette*, 2000–NMCA–006, ¶ 7, 128 N.M. 530, 994 P.2d 776. We review the trial court's legal decisions de novo when resolution of an appeal requires review of the legal standard governing the admissibility of the evidence and implicates a constitutional right. *State v. Attaway*, 117 N.M. 141, 144–46, 870 P.2d 103, 106–08 (1994).

### Inevitable Discovery Doctrine

{10} The inevitable discovery doctrine is an exception to the exclusionary rule. Application of this doctrine permits the admission of unlawfully seized evidence if that evidence would have been seized independently and lawfully in due course. *State v. Johnson*, 1996–NMCA–117, ¶ 19, 122 N.M. 713, 930 P.2d 1165; *State v. Corneau*, 109 N.M. 81, 90, 781 P.2d 1159, 1168 (Ct.App. 1989). In order for the inevitable discovery doctrine to apply, the lawful means by which the evidence could have been attained must be wholly independent of the illegal actions. *Wagoner*, 2001–NMCA–014, ¶ 13, 24 P.3d 306. The doctrine is applicable where evidence may have been seized illegally, but where an alternate legal means of discovery, such as a routine police inventory search, would inevitably have led to the same result. For the doctrine to apply, the alternate source of evidence must be pending, but not yet realized. *Wagoner*, 2001–NMCA–014, ¶ 15, 24 P.3d 306. In the present case, the State was required to prove by a preponderance of the evidence that absent the illegal

search, the cocaine would have been discovered by independent and lawful means. Here, the State contends that the independent and legal means of discovery was Defendant's arrest for domestic battery and the subsequent standard jail inventory search at the Doña Ana County Substation. On appeal, Defendant challenges the sufficiency of the evidence in support of application of this doctrine. We thus address separately and, in further detail, Defendant's challenge to the sufficiency of the evidence in support of Defendant's arrest for domestic battery and the inventory search.

### A. Arrest for Domestic Battery

{11} Deputy Barlow testified that irrespective of the discovery of the cocaine, he would have proceeded to arrest Defendant for domestic battery based upon the evidence of battery observed and discovered at the scene. He further testified that he read Defendant his *Miranda* rights and placed him under investigative detention before the cocaine was discovered. *See State v. Munoz*, 1998–NMSC–048, ¶ 40, 126 N.M. 535, 972 P.2d 847 ("*Miranda* applies when a suspect's freedom of movement is restrained to a 'degree associated with a formal arrest.'" (Citation omitted)).

{12} The trial court found that Deputy Barlow intended to arrest Defendant for domestic battery based solely upon the evidence of battery which he and Deputy Luevano observed at the scene prior to the discovery of cocaine. The trial court found the testimony of the officers credible and we will not substitute our own judgment for that of the trial court. *State v. Goss*, 111 N.M. 530, 534, 807 P.2d 228, 232 (Ct.App. 1991).

{13} We conclude that the trial court was correct in holding that sufficient probable cause existed for such an arrest. "'Probable cause exists when the facts and circumstances within the officers' knowledge, and of which they had reasonably trustworthy information, are sufficient to warrant a man of reasonable caution to believe that an offense has been, or is being, committed.'" *State v. Duffy*, 1998–NMSC–014, ¶ 69, 126 N.M. 132, 967 P.2d 807 (quoting *State v. Copeland*, 105 N.M. 27, 31, 727 P.2d 1342, 1346 (Ct.App.1986)). Deputies Barlow, Lue-

vano, and Perez each observed signs of violence at the scene-Huerta was distraught, her make-up was smeared, abrasions were apparent on her face and neck, and clumps of her hair appeared to have been torn out. Both Defendant and Huerta informed the officers that they had been involved in some type of altercation. Huerta told Deputy Luevano that Defendant had held her face during the argument. These facts reasonably support a finding of probable cause to believe that Defendant battered Huerta. The officers had the legal authority to arrest Defendant for domestic battery under these circumstances. *See* NMSA 1978, § 31–1–7(A) (1995) (stating that an officer may arrest a person without a warrant when there is probable cause to believe that person had committed assault or battery upon a household member). Defendant was in fact arrested for battery and we note that he makes no claim on appeal that his arrest was invalid.

{14} The testimony presented at the suppression hearing was sufficient to establish by a preponderance of the evidence that Defendant would have been arrested for domestic battery irrespective of the discovery of the cocaine. The trial court's findings as to this issue are supported in record.

### B. Inventory Search

{15} We next address Defendant's assertion that even if he was arrested for domestic battery and taken to the police substation before the cocaine was discovered, the State provided no evidence of how such an inventory search would be conducted or that the search would have resulted in the discovery of the cocaine. As an exception to the warrant requirement, evidence found during a police inventory search may be admitted as long as the search is reasonable and made pursuant to established police procedures. *Johnson*, 1996–NMCA–117, ¶ 15, 122 N.M. 713, 930 P.2d 1165. An inventory search is deemed reasonable if "it is made to protect the arrestee's property, to protect police against claims of lost or stolen property, or to protect police from potential danger." *Id.* The State has the burden of establishing the reasonableness of an inventory

search. *State v. Arredondo,* 1997–NMCA–081, ¶ 31, 123 N.M. 628, 944 P.2d 276.

{16} Deputy Luevano testified that it is standard procedure at the Doña Ana County Substation for officers to inventory all personal items within the possession of an arrestee. He testified that the purpose of such an inventory search is to avoid later claims for allegedly lost or stolen items.

{17} From the foregoing, the trial court could reasonably find that the items in Defendant's pockets were personal items within his possession and the established inventory search procedure would require that Defendant's pockets be emptied and the contents inventoried. We conclude that by presenting this evidence, the State met its burden in demonstrating that the cocaine would have been inevitably discovered during a lawful inventory search pursuant to the arrest for battery.

### C. *Cumulation of Hypothetical Circumstances*

 {18} In so holding, we reject Defendant's contention that the trial court reached its conclusion concerning application of the inevitable discovery doctrine by combining two doctrines under hypothetical circumstances. Defendant complains that the inevitable discovery and inventory "exceptions" cannot be combined. We disagree and hold that, in appropriate circumstances, when supported by objective facts, such combination is exactly what is permitted by the inevitable discovery doctrine. The evidence establishing probable cause for an arrest for domestic battery was clear, certain, and specific, and was developed prior to the discovery of the cocaine. The evidence presented of Huerta's condition, Defendant's detention at the scene for further investigation concerning possible domestic battery, and the fact that Defendant was advised of his *Miranda* rights-events occurring prior to the discovery of the cocaine-provided objective indicia of the police authority's intention to arrest Defendant for domestic battery. *Cf. Wagoner,* 2001–NMCA–014, 24 P.3d 306, § 38 (noting the strong preference for objective standards when utilizing the independent source rule). Application of the inevitable discovery doctrine requires that there be some independent circumstances pursuant to which the

evidence would have been discovered in due course. *See Arredondo,* 1997–NMCA–081, ¶ 30, 123 N.M. 628, 944 P.2d 276. In the present case, the lawful inventory search to be conducted at the police substation subsequent to the arrest was proved by the State and this evidence thus permitted application of the doctrine. *Cf. Arredondo,* 1997–NMCA–081, ¶ 32, 123 N.M. 628, 944 P.2d 276 (indicating that inevitable discovery doctrine may not be used when the State does not establish that inventory search was conducted pursuant to normal police procedure).

### CONCLUSION

{19} For the forgoing reasons, we affirm the trial court's denial of Defendant's motion to suppress.

{20} **IT IS SO ORDERED.**

WE CONCUR: A. JOSEPH ALARID, Judge, LYNN PICKARD, Judge.