This decision was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of non-precedential dispositions. Please also note that this electronic decision may contain computer-generated errors or other deviations from the official paper version filed by the Supreme Court.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO**,

Plaintiff-Appellant,

v.                                                                                          **No. 34,778**

**JOSE L. MENDEZ**,

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Fernando R. Macias, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Steven H. Johnston, Assistant Attorney General
Albuquerque, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Becca Salwin, Assistant Appellate Defender
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1} This appeal is before us on the district court's order granting Defendant Jose Mendez's motion to suppress evidence. Defendant was charged with possession of a controlled substance and possession of drug paraphernalia following a traffic stop on his bicycle where Defendant failed to stop at a stop sign. The officer conducting the traffic stop patted down Defendant for weapons and found the drugs and paraphernalia at issue. The district court granted Defendant's motion to suppress the evidence, finding that it was the fruit of an illegal search and seizure. We conclude that the district court properly applied the law and there was substantial evidence to support the district court's ruling. Furthermore, the district court did not err in rejecting the State's argument that the inevitable discovery doctrine should apply. We, therefore, affirm the district court's ruling.

**BACKGROUND**

{2} On the night of June 20, 2014, City of Las Cruces Police Department Patrol Sergeant Bobby Jaramillo was on patrol in an area where several businesses had "been burglarized in the past." He saw Defendant, whom he described as "a Hispanic male . . . wearing a striped shirt . . . and backpack" traveling on a black bicycle. He observed Defendant fail to stop at a stop sign. Sergeant Jaramillo engaged his emergency lights and conducted a traffic stop.

{3}      Sergeant Jaramillo advised Defendant that he had "blown past" the stop sign. Sergeant Jaramillo requested Defendant's permission to conduct a search for weapons, and Defendant consented to a pat-down search. Sergeant Jaramillo felt a bulge in Defendant's pocket, that Sergeant Jaramillo believed to be a pipe used to smoke illegal narcotics. He asked Defendant if he could search his pocket, and Defendant consented. Sergeant Jaramillo pulled out a glass pipe from Defendant's front pocket, and a small plastic container of what Defendant admitted to be methamphetamine from a second pocket. Sergeant Jaramillo called for assistance from a Metro Narcotics Agent and ran a check for warrants, learning that Defendant had two outstanding warrants. Defendant was arrested and charged with possession of a controlled substance, methamphetamine, pursuant to NMSA 1978, Section 30-31-23 (2011), and possession of drug paraphernalia, pursuant to NMSA 1978, Section 30-31-25.1(A) (2001).

{4}      Defendant filed a motion to suppress the evidence obtained on the basis that the search violated Article II, Section 10 of the New Mexico Constitution and the Fourth Amendment of the United States Constitution, including "[a]ny and all controlled substances and/or drug paraphernalia seized from the person or property of Defendant" and "[a]ll other fruits of the illegal seizure or search." During the hearing on the motion, Sergeant Jaramillo, the sole witness for the State, testified that he

always runs a check for warrants upon effectuating a traffic stop. Regarding the traffic stop of Defendant, Sergeant Jaramillo testified that he stopped Defendant because he ran a stop sign. When Sergeant Jaramillo turned on his emergency lights, Defendant stopped and got off his bicycle. Sergeant Jaramillo also testified that Defendant then started moving toward Sergeant Jaramillo. Sergeant Jaramillo identified himself and told Defendant the reason for the stop. Because it was dark, Defendant was wearing baggy clothes, and Sergeant Jaramillo could not see what was in Defendant's waist band, Sergeant Jaramillo asked Defendant if he would turn around so he could conduct a pat-down search. Defendant complied with Sergeant Jaramillo's verbal directions and was cooperative. Defendant never made any threatening gestures. Sergeant Jaramillo admitted that he intended to give Defendant a verbal warning for running the stop sign but never did give such a warning. Instead, Sergeant Jaramillo considered that the verbal warning was implied because Defendant was already arrested on outstanding warrants, and Sergeant Jaramillo did not write him a citation for failing to stop at the stop sign. The district court granted Defendant's motion to suppress the evidence seized as a result of the pat-down search by Sergeant Jaramillo. The State timely appealed the suppression ruling to this Court.

**DISCUSSION**

4

**{5}** The State makes two arguments on appeal. First, the State argues that the district court erred in granting Defendant's motion to suppress based upon whether the pat-down of Defendant was unlawful because (1) Sergeant Jaramillo had reasonable suspicion to conduct the pat-down search, and (2) Defendant gave his consent to be searched. Alternatively, the State argues that even if the pat-down search was unconstitutional, suppression of the evidence was not justified because it was still admissible under the inevitable discovery doctrine.

**Standard of Review**

**{6}** A motion to suppress concerns mixed questions of fact and law. *State v. Urioste*, 2002-NMSC-023, ¶ 6, 132 N.M. 592, 52 P.3d 964. We review the district court's ruling on a motion to suppress to determine "whether the law was correctly applied to the facts, viewing them in a manner most favorable to the prevailing party[.]" *State v. Boeglin*, 1983-NMCA-075, ¶ 22, 100 N.M. 127, 666 P.2d 1274. In this case, the district court entered only very limited factual findings and conclusions of law. "In circumstances such as this, [the] practice has been to employ presumptions and as a general rule, [the appellate courts] will indulge in all reasonable presumptions in support of the district court's ruling." *State v. Jason L.*, 2000-NMSC-018, ¶ 11, 129 N.M. 119, 2 P.3d 856 ( alteration, omission, internal quotation marks, and citation omitted). We also recognize that the district court is "the sole judge of the credibility

of the witnesses and the weight to be given [to] the evidence[.]" *State v. Notah-Hunter*, 2005-NMCA-074, ¶ 7, 137 N.M. 597, 113 P.3d 867. When evidence conflicts, we "will draw all inferences and indulge all presumptions in favor of the district court's ruling." *Jason L.*, 2000-NMSC-018, ¶ 11. "[T]he question is not whether substantial evidence would have supported [the] opposite result[,] but whether such evidence supports the result reached." *State v. Maxwell*, 2016-NMCA-082, ¶ 57, 384 P.3d 116 (internal quotation marks and citation omitted).

**I.      Pat-Down of Defendant Was Unreasonable and Unlawful**

{7}      The right of people to be free from unreasonable searches and seizure is protected by both the Fourth Amendment of the United States Constitution and Article II, Section 10 of the New Mexico Constitution. Under our interstitial approach, we first consider "whether the right being asserted is protected under the [F]ederal [C]onstitution." *State v. Ketelson*, 2011-NMSC-023, ¶ 10, 150 N.M. 137, 257 P.3d 957 (internal quotation marks and citation omitted). If such protection exists under the Federal Constitution, we need not reach the New Mexico Constitution claim. *Id.* If not, we then "consider whether the New Mexico Constitution provides broader protection[.]" *Id.* The district court's order granting the motion to suppress does not clearly state whether it relied upon the Federal Constitution or the New Mexico

6

Constitution. We will assume that the district court addressed the constitutional issues appropriately because both arguments were presented by Defendant.

**{8}** "An automobile stop and the attendant detention of its occupants is a seizure." *State v. Duran*, 2005-NMSC-034, ¶ 22, 138 N.M. 414, 120 P.3d 836 (internal quotation marks omitted), *overruled on other grounds by State v. Leyva*, 2011-NMSC-009, ¶ 17, 149 N.M. 435, 250 P.3d 861. Under NMSA 1978, Section 66-3-702 (1978), "[e]very person riding a bicycle upon a roadway . . . [is] subject to all of the duties applicable to the driver of a vehicle[.]" Therefore, a person riding a bicycle and subject to a traffic stop is afforded the same protections from unreasonable search and seizure as those afforded to a person in an automobile subject to a traffic stop.

**{9}** When an officer conducts a traffic stop to investigate a possible crime, we analyze the reasonableness of the stop and ensuing investigatory detention in accordance with the two-part test in *Terry v. Ohio*, 392 U.S. 1, 20 (1968). *See Duran*, 2005-NMSC-034, ¶ 23. We ask first whether the stop was justified at its inception and second, whether the officer's actions during the stop were reasonably related to circumstances that justified the stop. *Id.* Although the State argues in its brief in chief that the traffic stop of Defendant was justified at its inception, this point was never contested by Defendant and required no ruling by the district court. Instead, the

question before us is the second inquiry—whether Sergeant Jaramillo's pat-down of Defendant was reasonably related to the circumstances that justified the stop or was instead an unreasonable expansion of the scope of the initial traffic investigation.

{10} After an officer has made a traffic stop based on a reasonable suspicion of criminal activity, "[t]he scope of the investigation may [only] be expanded where the officer has reasonable and articulable suspicion that other criminal activity . . . [is] afoot." *Leyva*, 2011-NMSC-009, ¶ 10 (internal quotation marks and citation omitted). If the circumstances warrant it, "an officer may conduct a limited search for weapons upon a reasonable suspicion that the suspect might be armed and presently dangerous[.]" *Ketelson*, 2011-NMSC-023, ¶ 15 (alteration, internal quotation marks, and citation omitted); *see State v. Garcia*, 2004-NMCA-066, ¶¶ 28-30, 135 N.M. 595, 92 P.3d 41 (recognizing that whether a person is "dangerous" is a distinct requirement that must be satisfied in order to justify a frisk for weapons and requires evidence that the suspect poses a danger to law enforcement), *rev'd in part on other grounds*, 2005-NMSC-017, ¶ 35, 138 N.M. 1, 116 P.3d 72.

{11} The State argues that the district court erred in granting Defendant's motion because Sergeant Jaramillo had reasonable suspicion of illegal activity to conduct a pat-down of Defendant. As support for its argument, the State points to several cases in which our New Mexico appellate courts upheld the district court's denial of

motions to suppress on both Federal and New Mexico constitutional grounds. However, because our appellate courts viewed the evidence in those cases in the light most favorable to the district court's denial of the motion to suppress, these cases are not necessarily helpful or instructive. *See Dethlefsen v. Weddle*, 2012-NMCA-077, ¶ 30, 284 P.3d 452 ("The question is not whether substantial evidence would have [also] supported an opposite result; it is whether such evidence supports the result reached." (internal quotation marks and citation omitted)). Our standard of review requires that, if the district court has properly applied the law, we will only review to determine whether there was substantial evidence in support of the district court's ruling and not to reweigh the evidence. *See State v. Jimenez*, 2004-NMSC-012, ¶ 14, 135 N.M. 442, 90 P.3d 461 ("In determining whether there was substantial evidence, [the appellate courts] must resolve all disputed facts in favor of the [district] court's decision, indulge all reasonable inferences in support of that decision, and disregard all inferences to the contrary."(internal quotation marks and citation omitted)); *State v. Ramirez*, 1976-NMCA-101, ¶ 22, 89 N.M. 635, 556 P.2d 43 (recognizing that the district court weighs any evidentiary conflicts, and, where we cannot find error as a matter of law, we must affirm when there is substantial evidence to support the district court's ruling), *overruled on other grounds by Sells v. State*, 1982-NMSC-125, ¶¶ 9-10, 98 N.M. 786, 653 P.2d 162.

**{12}** The following facts support the district court's ruling: (1) Defendant was stopped for running a stop sign on his bicycle; (2) Defendant got off his bicycle and although Sergeant Jaramillo testified that Defendant began moving toward him, his police report only stated that Defendant "got off the bike, and turned around"; (3) Sergeant Jaramillo testified that he never asked Defendant to stay with the bicycle; and (4) Defendant was fully cooperative and never made any threatening gestures such as reaching into his pocket.

**{13}** The role of the district court was to weigh the evidence and to determine the credibility of Sergeant Jaramillo's testimony. *See State v. Smith*, 2001-NMSC-004, ¶ 16, 130 N.M. 117, 19 P.3d 254 ("[I]n New Mexico, it is the fact[-]finder that determines credibility."). Although the State presented evidence that the pat-down of Defendant was lawful, for example that Defendant was "wearing baggy clothing" and was "a little nervous," we presume from its ruling that the district court rejected any conflicting evidence presented by Sergeant Jaramillo as either not credible or unpersuasive. *See Ketelson*, 2011-NMSC-023, ¶ 9 (stating that the district court "is in a better position to judge the credibility of witnesses and resolve questions of fact" (internal quotation marks and citation omitted)); *Crownover v. Nat'l Farmers Union Prop. & Cas. Co.*, 1983-NMSC-099, ¶ 7, 100 N.M. 568, 673 P.2d 1301 ("The [district] court properly exercised its duty to weigh conflicting evidence and to reject

10

that which it found unpersuasive."). Although this Court recognizes the inherent risks that officers face in effectuating traffic stops, we cannot usurp the district court's role to address the inconsistencies presented by Sergeant Jaramillo's testimony in order to determine his credibility and the weight to be given to his testimony.

{14} In reviewing the facts in the light most favorable to the district court's ruling, we hold that there was substantial evidence to support the district court's ruling. The district court did not err in its application of the facts to the law in finding that Sergeant Jaramillo "did not have reasonable suspicion . . . to justify expanding the scope of the detention" and conducted an intrusive pat-down of Defendant. Based upon a deferential review of the facts, there was an absence of a "particularized and objective basis" for Sergeant Jaramillo's suspicion that Defendant was "armed and dangerous." As a result, the pat-down violated Defendant's Fourth Amendment right against unreasonable search and seizure, and the district court did not err in granting Defendant's motion to suppress. Substantial evidence existed to support the district court's ruling under the Fourth Amendment, therefore, we need not engage in a separate analysis of whether Sergeant Jaramillo also violated Defendant's rights under Article II, Section 10 of the New Mexico Constitution.

{15} In the alternative, the State argued that Defendant lawfully consented to the pat-down search so that any illegality tainting Sergeant Jaramillo's search was

11

removed by Defendant's consent. However, this argument was not made to the district court and therefore was not preserved. *See* Rule 12-321(A) NMRA ("To preserve an issue for review, it must appear that a ruling or decision by the [district] court was fairly invoked."); *State v. Mosley*, 2014-NMCA-094, ¶¶ 12-13, 335 P.3d 244 (recognizing that, for purposes of preservation, this Court will not reverse a district court's ruling regarding the consent to search an apartment because the district court was neither asked to consider nor had the opportunity to review the argument below). As a result, we affirm the district court's granting of Defendant's motion to suppress.

## II. The District Court Did Not Err in Rejecting the Inevitable Discovery Doctrine

**{16}** The inevitable discovery doctrine acts as an exception to the exclusionary rule and permits the admittance of evidence that inevitably would have been discovered through a different and independent lawful means even if obtained through unlawful police conduct. *See State v. Haidle*, 2012-NMSC-033, ¶ 39, 285 P.3d 668. "For the doctrine to apply, the alternate source of evidence must be pending, but not yet realized." *State v. Romero*, 2001-NMCA-046, ¶ 10, 130 N.M. 579, 28 P.3d 1120.

**{17}** The State argued to the district court that the inevitable discovery doctrine should have been applied in this case. It was the State's burden to convince the district court that Sergeant Jaramillo would have inevitably run Defendant through a check for outstanding warrants, independent of the illegal pat-down, and ultimately would

have arrested him. *See State v. Corneau*, 1989-NMCA-040, ¶ 37, 109 N.M. 81, 781 P.2d 1159 ("If the government can prove that the evidence would have been obtained inevitably and, therefore, would have been admitted regardless of any overreaching by the police, there is no rational basis to keep that evidence from the jury in order to ensure the fairness of the trial proceedings." (alteration, internal quotation marks, and citation omitted)); *see also State v. Barragan*, 2001-NMCA-086, ¶ 18, 131 N.M. 281, 34 P.3d 1157 (declining to address the inevitable discovery rule in part because the district court did not make the necessary factual findings to support the state's argument that the evidence would have inevitably been seized), *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, ¶ 37 n.6, 275 P.3d 110.

{18}     The State argues that the evidence would have been inevitably discovered because Sergeant Jaramillo testified that he "always" runs a person for warrants when he effectuates a traffic stop, and when a person is placed under arrest, a search incident to arrest occurs, including a search of the person's pockets. Once again, the State is attempting to reverse our standard of review. *See State v. Hubble*, 2009-NMSC-014, ¶ 5, 146 N.M. 70, 206 P.3d 579 ("We view the facts in the manner most favorable to the prevailing party and defer to the district court's findings of fact if substantial evidence exists to support those findings." (internal quotation marks and citation omitted)). Sergeant Jaramillo testified that the purpose of effectuating a traffic

13

stop was because Defendant ran a stop sign. He also testified that he intended to give Defendant a verbal warning—a procedure that would not have required any formality, written citation, or a search for outstanding warrants. Furthermore, the State failed to present evidence that it was Sergeant Jaramillo's practice to check for outstanding warrants when effectuating a traffic stop of a bicyclist or in situations when only a verbal warning was to be issued.

{19} The district court concluded that Sergeant Jaramillo "did not have reasonable suspicion that other criminal activity was afoot to justify expanding the scope of the detention beyond the (uncited) traffic violation." The district court did not make an express factual finding or conclusion of law regarding inevitable discovery of Defendant's outstanding warrant status. However, based upon the standard of review and its inferences favoring the district court's ruling, the district court was entitled to reject any inference that Sergeant Jaramillo runs a warrant check on traffic stops involving a bicyclist or where he only intends to issue a verbal warning. As a result, under the factual circumstances presented in this case, the State failed to meet its burden to establish that Sergeant Jaramillo would have inevitably run a warrant check on Defendant. Finding substantial evidence to support the district court's factual and legal conclusions, we reject the State's argument that the inevitable discovery doctrine would apply in this case. *See Jason L.*, 2000-NMSC-018, ¶ 11 (stating that "we will

14

draw all inferences and indulge all presumptions in favor of the district court's ruling"); *see also Haidle*, 2012-NMSC-033, ¶ 41 ("Where the state has transgressed the constitutional rights of a person accused of a crime, we will not sanction that conduct by turning the other cheek." (internal quotation marks and citation omitted)).

**CONCLUSION**

{20}    For the foregoing reasons, we uphold the district court's ruling to grant Defendant's motion to suppress.

{21}    **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**JONATHAN B. SUTIN, Judge**